PEDRO JUAN SERRALLÉS GALIANO, demandante y apelado, *v.* RAFAEL SAURÍ TRISTANI y ELISABETH TYRELL DE SAURÍ, demandados y apelantes.

No. 5540.—*Sometido:* Junio 14, 1932. *Resuelto:* Enero 12, 1933.

R. V. Pérez Marchand, abogado de los apelantes; A. S. Poventud, abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Rafael Saurí y su esposa incoaron un procedimiento contra William W. Woolard y otros, para obligarles a cumplir un contrato sobre enajenación de bienes. En el mismo procedimiento trataron de anular una escritura de enajenación otorgada por Woolard y otros demandados a favor de Pedro Juan Serrallés y de recobrar los terrenos en poder de éste. Estando pendiente de resolverse el caso, los demandantes obtuvieron un *injunction* mediante el cual se prohibió a Serrallés cercar o cultivar la tierra o abrir pozos en la misma para fines de riego, todo lo cual estaba realizando o iba a realizar. El procedimiento original fué resuelto por esta corte en abril de 1927. *Saurí et al.* v. *Woolard et als.*, 36 D.P.R. 662. Serrallés instituye ahora este recurso por los daños y perjuicios provenientes de la errónea expedición del auto de *injunction*, y los aquí demandados apelan de una sentencia adversa.

La corte de distrito denegó la excepción previa de falta de hechos suficientes para determinar una causa de acción. Se citan *Acevedo* v. *Orr*, 100 Cal. 293; *Lacey* v. *Baudry*, 53 Cal. 693; 3 *Bancroft's Code Pleading* 2575, y 4 *Bancroft's Code Practice & Remedies*, 4687, en apoyo de la teoría del apelante, de que el dejar el demandante de alegar malicia y falta de causa probable al iniciar y proseguir el recurso original fué fatal. Tal es la regla del derecho común. Es seguida en la mayoría de las jurisdicciones. Tanto las cortes estaduales como federales, de un estado por lo menos, han rehusado adoptarla. *Miller Surfacing Co.* v. *Bridgers,*

269 S. W. 838, y *Corpus Christi Gas Co.* v. *City of Corpus Christi,* 46 Fed. (2d) 962.

■■ El artículo 7 de la ley que regula la expedición de autos de *injunction* en Puerto Rico (Estatutos Revisados 1911, art. 1360) dispone lo siguiente:

"Al concederse un *injunction* . . . ., la corte o juez deberá exigir al solicitante una fianza por escrito, con fiadores abonados, comprometiéndose a satisfacer a la parte requerida los daños y perjuicios dentro de una suma especificada, que pudiere ocasionarle el *injunction,* si resolviese definitivamente el tribunal que el solicitante no tenía derecho a establecerlo. . . . ."

Esta disposición presupone la responsabilidad del peticionario por todos los daños ocasionados por la expedición del auto si se probase luego que fué expedido equivocadamente. La ley no limita esa responsabilidad a la cuantía especificada en la fianza. No limita el remedio a una acción sobre la fianza. No hace que la alegación y prueba de malicia o falta de causa probable sea una condición precedente a un fallo favorable en cualquier otro procedimiento.

De acuerdo con la fraseología del artículo 1803 de nuestro Código Civil (Estatutos Revisados 4909), "el que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado." Con esta amplia base para el resarcimiento de daños, no hay necesidad de recurrir a una acción por abuso de procedimiento o por persecución maliciosa, o a ninguna otra acción especial sobre el caso. La razón por la cual la regla del derecho común requiere la alegación y prueba de malicia o falta de causa probable es que la acción del derecho común por daños causados debido a la expedición errónea de un *injunction,* participa de la naturaleza de una acción por persecución maliciosa. En un procedimiento iniciado de conformidad con el artículo 1803 de nuestro Código Civil, no hay mayor razón para que se requieran tal alegación y prueba que la que habría para igual requisito en una acción sobre la fianza.

■ El presente caso se inició dentro de un año de la fecha en que expiró el término dentro del cual se hubiera podido apelar de la sentencia de esta corte en el caso de *Saurí* v. *Woolard*, 36 D.P.R. 662. Esto aparece claramente de la faz de la demanda. La cuestión de si el *injunction* fué librado en debida forma quedó definitivamente resuelta por dicha sentencia. El término dentro del cual el presente caso hubiera podido iniciarse debe contarse a partir de la fecha en que expiró el período en que hubiera podido apelarse. Código Civil, artículo 1872. La acción no había prescrito.

■ El demandante alegó que había celebrado un contrato con ciertos constructores de pozos para cavar un pozo en la finca; que estos constructores llevaron maquinaria de Yauco a Aibonito y habían empezado a trabajar en el pozo; que dejaron esta maquinaria en la tierra varios meses después de expedido el *injunction* hasta que se llegase a una decisión; y que durante este retraso, que se extendió por un período de ciento setenta días, el demandante se vió obligado a pagarles a razón de cierta cantidad por día. El demandante también alegó que había tomado a préstamo el dinero para la compra, sobre el cual había pagado intereses a razón del ocho por ciento durante el tiempo que estuvo privado del uso de la finca. Trató de recobrar como daños y perjuicios las cantidades así reclamadas. No podemos convenir con los apelantes en que tales daños y perjuicios eran especulativos o remotos.

El juez de distrito no cometió error al declarar sin lugar la excepción previa.

■ Podría admitirse que la corte de distrito erró al sostener, si lo sostuvo, como alegan los apelantes, que la acción fué *ex-contractu* basada en una obligación proveniente del artículo 1725 del Código Civil. Lo que la corte dijo fué:

"Siendo la acción ejercitada en este caso *ex-contractu,* no tiene aplicación a la misma el inciso 2 del artículo 1869 del Código Civil

Revisado. Elisa Ruiz Merlo, et al. v. Sociedad Agrícola de Mario Mercado e Hijo. 38 D.P.R. 586.''

''La corte estima que es y era innecesario hacer parte en esta acción a los fiadores, pues optándose por exigir el importe total de los daños reales y efectivos alegados por el demandante como consecuencia del *injunction* establecido por los demandados, es ésta una obligación que nace de la ley, en virtud del *injunction* radicado, que queda reconocida por virtud de la prestación de la fianza y que no puede existir sin una obligación válida. (Art. 1725, Código Civil Revisado.)''

Este no fué un error que da lugar a la revocación.

Podría admitirse también que la corte de distrito erró al dejar de reconocer (en tanto en cuanto dejó de hacerlo) que ésta era una acción *ex-delicto* basada en el artículo 1803 del Código Civil. El resultado fué correcto y no debe alterarse debido a cualquier error en el razonamiento del juez sentenciador.

La corte de distrito no erró al dictar sentencia en favor del demandante.

*Debe confirmarse la sentencia apelada.*