JUAN R. DÍAZ, demandante y apelante, *v.* DISTRIBUIDORES R. C. A. VICTOR, INC., demandada y apelada

No. 6386.—*Sometido:* Mayo 23, 1934. *Resuelto:* Septiembre 29, 1934.

*R. Cuevas Zequeira,* abogado del apelante; *M. Acosta Velarde,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

El demandante apeló de una sentencia dictada en su contra luego de declararse con lugar una excepción previa. Los hechos que han de aceptarse como ciertos son los siguientes: que el demandante es casado con Margot Noya; que

la demandada Distribuidores R. C. A. Victor, Inc., efectuó una venta condicional de una Victrola a Margot Noya, quien en aquella época era soltera; que se pagó un pronto de $90 y que el saldo de $70 debía pagarse en plazos mensuales de $10 cada uno; que la referida Margot Noya pagó todos los plazos y obtuvo los recibos correspondientes; que la demandada por mediación de su agente presentó una querella ante la Corte Munincipal de San Juan alegando que se habían dejado de pagar tres plazos y trataba de obtener la devolución de la Victrola; que se dictó sentencia en favor de Margot Noya en la corte municipal, etc.

En la demanda que tenemos a la vista también se alega que la querella ante la corte municipal fué radicada de mala fe, maliciosamente y sin justa causa; que el pleito colocó a Margot Noya en una situación de humillación y le ocasionó sufrimientos y daños considerables.

La corte inferior fué de opinión de que siguiendo la doctrina sentada en los casos de *López de Tord* v. *Molina,* 38 D.P.R. 823 y *Serrallés* v. *Saurí,* 44 D.P.R. 402 no existía una causa de acción.

El apelante trata de distinguir estos casos o nos pide que los revoquemos.

El caso de *López de Tord* v. *Molina,* supra, resuelve que no puede existir una acción basada en malicia únicamente. Nos inclinamos a convenir con este criterio. Sin embargo, no vemos razón alguna para variar la doctrina más reciente del caso de *Serrallés* v. *Saurí,* supra, al efecto de que el artículo 1803 del Código Civil cubre el campo suficientemente.

Por tanto, no estamos de acuerdo con la apelada respecto a que el artículo 1803 no incluiría un caso de malicia. Sí lo incluye. Lo que resolvemos es que cuando una persona maliciosamente inicia un pleito civil contra un demandado, este último tiene una acción sujeta a ciertas condiciones. El mero hecho de que el pleito fuera radicado maliciosamente, de por sí no hace surgir una causa de acción. El demandante debe alegar alguna cuestión substancial de daños y

perjuicios. En otras palabras debe existir alguna alegación que saque el caso fuera del campo de la doctrina de *damnum absque injuria*. En un caso criminal la persecución maliciosa sin causa probable es de por sí suficiente para causar algunos daños.

■ Hemos considerado la jurisprudencia citada por ambas partes. Las cortes del continente están en un irremediable conflicto respecto a si surge una causa de persecución maliciosa con motivo de un pleito civil.

En Inglaterra originalmente existía una causa de acción, pero el estatuto de Marlbridge que concedía costas se suponía que otorgaba una compensación adecuada. Otras cortes como la nuestra en el caso de *Serrallés* v. *Saurí*, supra, resuelven que costas o fianzas en procedimientos de embargo no cubren todo el campo de daños y perjuicios.

■ Ahora bien, cuando se promueve un pleito civil y no se da ningún otro paso para perjudicar al demandado, por lo general no hay daños y perjuicios. En el caso que tenemos ante nos no se presentó embargo alguno ni se dió ningún otro paso para perjudicar a la demandada original.

■ No pretendemos excluir la posibilidad de que ciertos pleitos maliciosos por su naturaleza puedan quizás causar daños y perjuicios, mas la radicación de un pleito civil por sí solo no tiende por naturaleza a causar daño. Algunas de las cortes que niegan la existencia de una causa de acción tenían esto en mente y también resolvieron que las cortes deben estar abiertas a los litigantes generalmente sin serias consecuencias.

Examinando la demanda no hallamos, ni podemos resolver, que se aleguen suficientes elementos de daños y perjuicios. Tampoco podemos concebir que la demandada en aquel pleito fuera seriamente incomodada.

Es cierto que en una corte municipal no hay honorarios de abogado, mas en las cortes generalmente los hay. Las reglas de derecho existen para casos que ocurren con frecuencia. *Ad ea quae frequentius accidunt jura adaptantur.*

Además, naturalmente, pondríamos en tela de juicio si la querella equivalía a algo más que un error de parte de un agente cobrador. ¿Qué posible motivo puede una compañía tener para entablar un pleito tan inútil?

La apelada también llama nuestra atención hacia el hecho de que nada hay en la presente demanda que demuestre que el pleito anterior fuera iniciado después que Margot Noya había contraído matrimonio. Existe esta duda, pero no deseamos basar nuestra opinión en esta posible omisión del demandante.

*Debe confirmarse la sentencia.*