EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Colegio Mayor de Tecnología<br><br>Peticionario<br><br>v.<br><br>Carlos J. Rodríguez Fernández<br><br>Recurrido | Certiorari<br><br>2016 TSPR 15<br><br>194 DPR ____ |

Número del Caso: CC-2014-189


Fecha: 29 de enero de 2016


Tribunal de Apelaciones:

      Región Judicial de Guayama


Abogados de la parte Peticionaria:

      Lcdo. Osvaldo González Avilés
      Lcda. Coral Muñoz Alonso


Abogado de la parte Recurrida:

      Lcdo. Carlos Rodríguez Rivera


Materia: Daños y Perjuicios – Momento en que comienza a transcurrir el término prescriptivo de un (1) año para acción de daños y perjuicios por negligencia o mala práctica legal contra un abogado al amparo del Art. 1802 del Código Civil; teoría cognoscitiva del daño.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio Mayor de Tecnología

    Peticionario

                            CC-2014-189     Certiorari

        v.

Carlos J. Rodríguez Fernández

    Recurrido

Opinión del Tribunal emitida por el Juez Asociado señor Kolthoff Caraballo

San Juan, Puerto Rico, a 29 de enero de 2016.

      La controversia planteada ante nuestra consideración nos permite determinar cuándo es que comienza a transcurrir el término prescriptivo de un año, conforme al Art. 1868 del Código Civil de Puerto Rico, 31 LPRA sec. 5298, para una acción de daños y perjuicios por negligencia o mala práctica legal en contra de un abogado al amparo del Art. 1802 del Código Civil, 31 LPRA sec. 5141. Concluimos que el término prescriptivo comienza a transcurrir desde que el perjudicado adviene en conocimiento de la decisión final y firme sobre el litigio en el que se le imputa la negligencia al

representante legal. Así pues, es en ese momento en el que se tienen los elementos necesarios para ejercer la acción judicial.

Examinemos, pues, los hechos relevantes a la controversia planteada. Primero discutiremos lo relacionado al caso que originó la demanda contra el abogado y luego la reclamación instada en contra del representante legal. Veamos.

I

A. La querella laboral

El 13 de marzo de 2009, la Sra. Cynthia González De Jesús (señora González De Jesús) presentó ante el foro de instancia una querella laboral por discrimen y despido injustificado contra el Colegio Mayor de Tecnología (Colegio Mayor), esto al amparo del procedimiento sumario de la Ley Núm. 2 de 17 de octubre de 1961 (Ley 2).[1] Para ese pleito, el Colegio Mayor contrató al Lcdo. Carlos J. Rodríguez Fernández (licenciado Rodríguez Fernández) como su representante legal.

Luego de varias situaciones relacionadas con la expedición y el diligenciamiento del emplazamiento, el mismo fue diligenciado el 10 de septiembre de 2009.[2] Así las cosas, el 20 de octubre de 2009, el Colegio Mayor solicitó la desestimación de la querella laboral

---

[1] 32 LPRA secs. 3118-3132.

[2] Véase Sentencia Enmendada, Apéndice de la Petición de *certiorari*, pág. 116.

por falta de jurisdicción y el 26 de octubre de 2009 contestó dicha querella. No obstante, por tratarse de una querella presentada en virtud del procedimiento sumario dispuesto en la Ley 2, *supra*, el término para contestar la misma era de 10 días y vencía el 21 de septiembre de 2009.[3]

Como consecuencia de que el Colegio Mayor no contestó la querella dentro del término establecido, la señora González De Jesús solicitó la anotación de rebeldía. Así, el tribunal de instancia anotó la rebeldía al Colegio Mayor el 8 de octubre de 2009.[4] Luego de la vista en rebeldía celebrada el 7 de diciembre de 2009, el foro de instancia dictó una Sentencia el 19 de febrero de 2010.[5] Mediante dicha determinación, el tribunal de instancia declaró "ha lugar" la querella laboral y condenó al Colegio Mayor a pagar a la señora González De Jesús la suma de $91,300 ($73,040 más $18,260 por concepto de gastos y honorarios de abogado). El 5 de marzo de 2010 se dictó una Sentencia Enmendada, notificada el 15 de marzo de 2010.

Ante el fallo adverso, el licenciado Rodríguez Fernández —en representación del Colegio Mayor— realizó varios trámites para la revisión de la determinación.

---

[3] Refiérase a la Sec. 3 de la Ley Núm. 2 de 17 de octubre de 1961, 32 LPRA sec. 3120.

[4] La notificación y el archivo en autos fue el 9 de octubre de 2009.

[5] La notificación y el archivo en autos fue el 26 de febrero de 2010.

De esa forma, recurrió ante el Tribunal de Apelaciones y ante esta Curia, mas ambos foros denegamos su solicitud. Finalmente, el 1 de abril de 2011 declaramos "no ha lugar" a la moción de reconsideración presentada por el Colegio Mayor.[6] Así las cosas, el 3 de junio de 2011, el licenciado Rodríguez Fernández notificó -mediante carta- al Colegio Mayor que la decisión del foro de instancia era final y firme, por lo que el pleito había culminado y correspondía que se efectuara el pago de $91,300 a favor de la señora González De Jesús.[7]

B. La demanda contra el abogado

Inconforme con la representación legal brindada por el licenciado Rodríguez Fernández, el 21 de diciembre de 2011 el Colegio Mayor presentó una demanda por daños y perjuicios contra el mencionado abogado.[8] En particular, el Colegio Mayor alegó que como consecuencia de que el licenciado Rodríguez Fernández no contestó la querella laboral dentro del término dispuesto por ley, éste incurrió en negligencia en el desempeño de sus deberes como abogado. Con ello,

---

[6] La notificación y el archivo en autos fue el 6 de abril de 2011.

[7] En lo pertinente, el licenciado Rodríguez Fernández expresó lo siguiente en dicha carta: "[p]or la presente se le informa que el caso Cynthia González De Jesús v. Colegio Mayor de Tecnología ha llegado a su fin. […] La sentencia dictada en el caso es final y firme y hay que satisfacerla a favor de la parte contraria. […] Por tanto, la cuantía antes mencionada es la que hay que satisfacer por motivo de la sentencia dictada a favor de la Sra. González. Hay [que] hacer un cheque por dicha cantidad para entregárselo a la Sra. González". Véase Carta del Lcdo. Carlos J. Rodríguez Fernández al Presidente del Colegio Mayor de Tecnología, Apéndice de la Petición de certiorari, pág. 81.

[8] Caso Civil Núm. GDP2011-0210.

provocó que recayera una sentencia por $91,300 en contra del Colegio Mayor, ante lo cual este último expresó que "tuvo que pagar por una reclamación que no tenía fundamento y la cual se había desestimado a nivel administrativo".[9] Asimismo, el Colegio Mayor adujo que a raíz del litigio y de la sentencia que recayó en su contra, su reputación se afectó grandemente en su carácter como patrono y como centro educativo.

Por todo lo cual, el Colegio Mayor solicitó al tribunal de instancia que ordenara al licenciado Rodríguez Fernández a pagar: (1) $91,300 que tuvo que pagar a la querellante en la reclamación laboral; (2) $53,700 como indemnización por los daños y perjuicios sufridos al verse afectada la reputación del centro educativo; (3) $5,000 por concepto de los honorarios pagados al licenciado en la etapa apelativa del caso; y (4) $7,500 en honorarios de abogado.[10]

Luego de varios trámites relacionados con el emplazamiento, el licenciado Rodríguez Fernández solicitó la desestimación de la demanda con perjuicio en mayo de 2012. En síntesis, argumentó que la causa de acción en su contra estaba prescrita debido a que el Colegio Mayor fue notificado de la anotación de rebeldía

---

[9] Demanda, Apéndice de la Petición de *certiorari*, pág. 25.

[10] Vale mencionar que el Colegio Mayor de Tecnología (Colegio Mayor) solicitó $150,000 por la totalidad de su reclamación, pero el cálculo real totaliza $157,500. Véase Demanda, Apéndice de la Petición de *certiorari*, págs. 25-26.

el 9 de octubre de 2009 y desde esa fecha conoció de la alegada negligencia por omisión que le imputa al licenciado. Añadió que a partir de esa fecha el Colegio Mayor tenía un año para hacer su reclamación y no lo hizo en ese término, sino que presentó su demanda el 21 de diciembre de 2011, esto es más de dos años después del alegado hecho negligente. Así, el licenciado Rodríguez Fernández pidió la desestimación de la demanda y la imposición de $25,000 de honorarios de abogado por temeridad más costas y gastos.

En junio de 2012, el Colegio Mayor se opuso a la petición de desestimación y adujo que no fue hasta el 3 de junio de 2011 que el licenciado Rodríguez Fernández le notificó mediante carta la determinación final de esta Curia. Señaló que en esa fecha fue cuando conoció del daño y desde ahí pudo ejercer su causa de acción, por lo que su demanda presentada el 21 de diciembre de 2011 no estaba prescrita. Además, argumentó que "[m]ientras el caso estuvo ventilándose en el Tribunal de Apelaciones y en el Tribunal Supremo, todavía la decisión del Tribunal de Primera Instancia podía ser revocada, por lo que el Colegio [Mayor] aún tenía la expectativa de no sufrir ningún daño".[11]

El licenciado Rodríguez Fernández replicó a la oposición y expuso, contrario a lo planteado en la

---

[11] Oposición a desestimación, Apéndice de la Petición de *certiorari*, pág. 69.

petición de desestimación, que el Colegio Mayor conoció su daño desde el 19 de febrero de 2010 cuando el tribunal de instancia dictó sentencia en su contra e impuso el pago de $91,300 a favor de la señora González De Jesús en el caso laboral. Por lo que, "el supuesto acto negligente cometido por el abogado le era conocido, así como las consecuencias que tuvo el supuesto acto negligente, o sea, la pérdida económica".[12] Entonces, según el licenciado Rodríguez Fernández, a partir del 19 de febrero de 2010 el Colegio Mayor tenía un año para presentar la demanda y no lo hizo.

Así las cosas, el 4 de septiembre de 2013, el foro de instancia dictó sentencia sumariamente y desestimó la demanda conforme a la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V. Concluyó que la reclamación presentada por el Colegio Mayor contra el licenciado Rodríguez Fernández había prescrito.[13] Así, el tribunal de instancia expresó que "no existe duda de que tomando la fecha del 19 de febrero de 2010 como la fecha donde se conjugan el conocimiento del alegado acto negligente con el del daño, ya había transcurrido un (1) año y diez (10) meses cuando se radica est[a] demanda sin que se haya interrumpido la prescripción. Es decir, están presentes todos los elementos de la causa de acción

---

[12] Réplica a oposición a desestimación, Apéndice de la Petición de *certiorari*, págs. 84-85.

[13] La notificación y el archivo en autos fue el 25 de septiembre de 2013.

desde el 19 de febrero de 2010 sin que el demandante actuara para evitar perder su derecho".[14] Añadió que fue decisión exclusiva del Colegio Mayor el posponer ejercer su causa de acción al decidir proceder con los trámites apelativos contratando para esto al mismo abogado al que podía demandar, mas no lo hizo.

Inconforme con la determinación del foro de instancia, el Colegio Mayor presentó su recurso ante el Tribunal de Apelaciones el 14 de octubre de 2013. Mediante Sentencia dictada el 18 de diciembre de 2013,[15] dicho foro concluyó que no procedía como cuestión de derecho dictar sentencia sumaria, pues existía una controversia real sustancial sobre un hecho material: la fecha en que el Colegio Mayor advino en conocimiento del daño.[16] Ante esto, revocó y devolvió el caso al tribunal de instancia para que determinara la fecha en que el Colegio Mayor conoció o le fue notificada la Sentencia Enmendada de 5 de marzo de 2010 y, en consecuencia, pudiera determinar si procedía o no la defensa afirmativa de prescripción.[17]

---

[14] Sentencia del Tribunal de Primera Instancia, Apéndice de la Petición de *certiorari*, pág. 111. Según el foro de instancia, el alegado acto negligente fue el 9 de octubre de 2009 (cuando se notificó la anotación de rebeldía) y el Colegio Mayor conoció del daño el 19 de febrero de 2010 (cuando se dictó Sentencia y se impuso el pago total de $91,300). Íd.

[15] La notificación y el archivo en autos fue el 23 de diciembre de 2013.

[16] Sentencia del Tribunal de Apelaciones, Apéndice de la Petición de *certiorari*, pág. 175.

[17] Íd.

Oportunamente, el licenciado Rodríguez Fernández solicitó reconsideración, y el Colegio Mayor se opuso y solicitó que "no se reconsidere la Sentencia emitida… respecto a la fecha en que se notificó la Sentencia enmendada sino respecto al verdadero punto de partida para computar el término prescriptivo para instar una acción de daños y perjuicios".[18]  Así, el 6 de febrero de 2014, el Tribunal de Apelaciones declaró no ha lugar la petición.[19]

Inconforme con la decisión, el Colegio Mayor presentó su Petición de *certiorari* ante esta Curia el 13 de marzo de 2014 y nos señala lo siguiente:

> Cometió error el Honorable Tribunal de Apelaciones al determinar que el punto de partida para determinar cuándo prescribe la acción de daños y perjuicios es la fecha en que se notificó la Sentencia Enmendada y no cuando el daño al Colegio fue uno real y palpable, requisitos indispensables para que se configure la acción.

Expedido el recurso, el Colegio Mayor presentó su alegato el 17 de septiembre de 2014 y el licenciado Rodríguez Fernández presentó el suyo el 6 de octubre de ese mismo año. Con el beneficio de ambas comparecencias, procedemos a resolver. Veamos, entonces, la normativa aplicable a la controversia ante nuestra consideración.

---

[18]  Oposición a reconsideración, Apéndice de la Petición de *certiorari*, pág. 181.

[19]  La notificación y el archivo en autos fue el 12 de febrero de 2014.

II

A. <u>La prescripción extintiva</u>

La prescripción extintiva es la figura jurídica que tiene como norte fomentar la diligencia de un agraviado al reclamar sus derechos y consiste en castigar al reclamante por su "falta de ejercicio del derecho subjetivo durante el período de tiempo prolongado por la ley".[20] Es doctrina reiterada que "con la prescripción extintiva lo que se busca es castigar la dejadez en el ejercicio de los derechos, así como los litigios difíciles de adjudicar por la antigüedad de las reclamaciones, y así evitar que una de las partes quede en estado de indefensión".[21]

Sabido es que el término para reclamar las obligaciones que nacen por daños causados como consecuencia de un acto culposo o negligente está regulado en el Código Civil de Puerto Rico. A esos efectos, el Art. 1868 del Código Civil, 31 LPRA sec. 5298, dispone que las obligaciones derivadas de la culpa o negligencia prescriben por el transcurso de un año desde que lo supo el agraviado. Asimismo, el Art. 1869 del Código Civil, 31 LPRA sec. 5299, establece que cuando no haya disposición especial alguna que

---

[20] L. Díez-Picazo, <u>La prescripción extintiva en el Código Civil y en la jurisprudencia del Tribunal Supremo</u>, 2ed., Pamplona, Ed. Aranzadi, 2007, pág. 127.

[21] <u>S.L.G. Serrano-Báez v. Foot Locker</u>, 182 DPR 824, 831 (2011). Véanse, además: <u>SLG García-Villega v. ELA et al.</u>, 190 DPR 799, 813 (2014); <u>Vera v. Dr. Bravo</u>, 161 DPR 308, 321 (2004).

regule el término prescriptivo para cualquier clase de acción, entonces se comenzará a contar desde el día en que pudieron ejercitarse. Como vemos, ambos artículos reiteran lo que se conoce como la teoría cognoscitiva del daño.

Sobre la teoría cognoscitiva del daño, hemos discutido las tres etapas que existen en el proceso de infligir un daño. Específicamente, expresamos que esas tres etapas distinguibles son las siguientes:

> La primera la constituye el acto u omisión culposa o negligente. La segunda surge cuando subsiguientemente se produce una consecuencia lesiva o daño que causa menoscabo -ya sea físico, moral, económico, entre otros- en la persona que la sufre. Esta segunda etapa se conoce como la vertiente material u objetiva del daño, debido a que éste existe en la realidad física, aunque el perjudicado no la conozca. La tercera surge con el conocimiento del perjudicado del menoscabo sufrido, debido a que éste se manifiesta en alguna forma que permite que sea reconocido. Esta última etapa se denomina como la vertiente cognoscitiva del daño, ya que gira en torno al conocimiento que tiene la víctima del daño sufrido.[22]

No obstante, reconocimos que si bien es cierto que estas tres etapas pueden ocurrir simultáneamente, también puede suceder que cada etapa se materialice en momentos distintos, lo cual ocasiona que el término prescriptivo no esté claramente definido en determinada situación de hechos. Precisamente, en aquella ocasión esta Curia expresó lo siguiente sobre ese particular:

> [E]s necesario distinguir el momento cuando ocurra la consecuencia lesiva y el momento [en

---

[22] Ojeda v. El Vocero de P.R., 137 DPR 315, 323 (1994).

> que] el perjudicado la reconozca, debido a que
> tal diferenciación conlleva efectos jurídicos de
> vital importancia, como lo es el momento cuando
> empieza a contar el plazo hábil durante el cual
> el perjudicado puede iniciar su causa de acción
> de daños y perjuicios.[23]

Para distinguir el momento en que ocurre la consecuencia lesiva y cuándo el perjudicado la conoce, veamos las diferencias correspondientes a cada momento en un caso de una determinación judicial que resulta en un alegado daño.

1. La consecuencia lesiva

Una de las tres etapas de infligir el daño se determina cuando se manifiesta físicamente o existen algunas consideraciones físicas que lleven al perjudicado a reconocer el daño que le causa menoscabo.

Nos explica el profesor Herminio Brau del Toro que el momento en que se tiene conocimiento de la consecuencia lesiva es cuando el perjudicado ha podido identificar esas manifestaciones físicas, a pesar de no tener toda su magnitud y extensión.[24] Sin embargo, en el caso de una sentencia o una resolución, ese conocimiento no surge hasta tanto se extingue el período determinado para que se convierta en final y firme. **No es hasta tanto la determinación adviene final y firme que se materializa su efecto, sin posibilidad alguna de remedio. Mientras la determinación del tribunal de**

---

[23] Ojeda v. El Vocero de P.R., *supra*, pág. 324.

[24] H.M. Brau del Toro, Los daños y perjuicios extracontractuales en Puerto Rico, 2da ed. rev., San Juan, Pubs. JTS, 1986, Vol. I, págs. 439-440.

**instancia esté sujeta a revisión judicial, ésta puede ser modificada o revocada, y se elimina su consecuencia, quedando sin efecto algún daño alegado.** Por otra parte, si la alegada negligencia es subsanada o remediada por el abogado, al final del pleito es que el cliente podrá confirmar que su representante legal laboró para evitar las consecuencias lesivas de su acto u omisión.

En ese sentido, hemos señalado que el término de un año para ejercer la causa de acción por daños y perjuicios comienza a "contarse a partir de la fecha en que expiró el período en que hubiera podido apelarse".[25] En ese caso de Serrallés v. Saurí, 44 DPR 402, 405 (1933), este Foro resolvió que una acción por daños y perjuicios no estaba prescrita debido a que fue presentada dentro del año dispuesto por ley, contado desde que la sentencia que generó una errónea expedición de un auto de *injunction* advino final y firme.

Mientras, en Agosto v. Mun. de Río Grande, 143 DPR 174 (1997), tuvimos la oportunidad de analizar cuándo comienza a decursar el término prescriptivo cuando se desiste de una acción civil mediante una orden judicial en virtud de la anterior R. 39.1(b) de Procedimiento Civil, 32 LPRA Ap. III. Allí resolvimos que "[c]omo el permiso judicial era compulsorio, es a partir de éste que comenzó a contar el nuevo término prescriptivo,

---

[25] Serrallés v. Saurí, 44 DPR 402, 405 (1933).

porque fue con la orden judicial que se le puso punto final al pleito en cuestión".[26] Esto es, cuando culmina definitivamente la acción ejercitada es que se comienza a contar el término prescriptivo. De esta forma, podemos colegir que cuando culmina el pleito, con una sentencia final y firme, es que queda consumado el daño, al ser real y palpable el efecto de la determinación dictada.

2. El conocimiento del daño

Como norma general, la fecha del archivo en autos de la notificación de la sentencia se reconoce como el momento en el que las partes advienen en conocimiento de las determinaciones de un tribunal en el caso ante su consideración. La Regla 46 de Procedimiento Civil, 32 LPRA Ap. V, dispone que "[l]a sentencia no surtirá efecto hasta archivarse en autos copia de su notificación a todas las partes y el término para apelar empezará a transcurrir a partir de la fecha de dicho archivo". No obstante, las Reglas 52.2 y 68.3 de Procedimiento Civil, *supra*, contemplan que cuando existe diferencia entre la fecha del archivo en autos y la fecha del depósito en el correo de la notificación, se tomará la fecha del depósito en el correo como el punto de partida para calcular cuándo es que comienza a correr

---

[26] Agosto v. Mun. de Río Grande, 143 DPR 174, 181 (1997).

el término correspondiente para exigir su derecho a revisión.[27]

Según lo anterior, se puede establecer que como regla general el momento en que se obtuvo el conocimiento del dictamen judicial está definido por la fecha del archivo en autos de copia de la notificación o, en su defecto, por la fecha del matasellos del correo de la notificación enviada. Esta conclusión es cónsona con la teoría cognoscitiva del daño que explicamos anteriormente, en la cual el perjudicado conoció del menoscabo sufrido debido a que éste se manifestó mediante la sentencia o la resolución notificada y esto le permite reconocer que tiene el alegado daño.

Conforme a las dos etapas discutidas, la parte perjudicada puede conocer del daño por la determinación adversa o porque haya culminado el pleito, de forma tal que adviene en conocimiento del daño propiamente con la manifestación de una determinación ejecutable. **No obstante, por la naturaleza de la causa de acción que atendemos -una reclamación por impericia profesional contra un representante legal- hay que determinar la fecha en la que en efecto tal determinación del tribunal le fue comunicada al perjudicado.** Esto pues, el representante legal puede advenir en conocimiento del dictamen adverso e informarlo en una fecha posterior a su cliente en aras de acortar o, incluso, hacer

---

[27] Véase Souffront v. AAA, 164 DPR 663, 671 (2005).

inexistente el término para ejercer la acción judicial en su contra. En dicho caso, el cliente es el perjudicado y quien podría llevar la causa de acción contra su representante legal, por lo cual la fecha determinante es aquella en la cual el cliente adviene en conocimiento de la determinación final y firme de su pleito.

Claro está, el agraviado también tiene que conocer quién le causó el daño y los elementos necesarios para poder ejercitar su causa de acción.

B. **La causa de acción en daños y perjuicios por impericia legal en contra del abogado**

En el pasado esta Curia ha establecido los elementos necesarios para que prospere una causa de acción en contra del abogado. Éstos son que: (1) la existencia de una relación de abogado-cliente genere un deber; (2) el abogado, por acción u omisión, lo viole; (3) esa violación sea la causa próxima del daño al cliente; y (4) el cliente, como reclamante, sufra daño o pérdida.[28] Asimismo, establecimos que no es suficiente con establecer los cuatro elementos mencionados, sino que es imperativo demostrar que la causa de acción era válida y ésta fue malograda por la actuación negligente del abogado. Es decir, que el reclamante podía

---

[28] Colón Prieto v. Géigel, 115 DPR 232, 239 (1984).

prevalecer en su caso, pero no fue así debido a que el abogado no trabajó adecuadamente el caso.[29]

El cliente perjudicado no tan solo tiene que saber que tiene un daño, sino que tiene que conocer que recibió ese daño por causa de su abogado. Ya fuera por alguna comunicación con el abogado o que fuera descubierto de forma independiente, el cliente tiene que poder conocer que la causa próxima de su daño fue la acción u omisión del abogado.

## III

En el caso ante nuestra consideración, el Tribunal de Apelaciones concluyó que el punto de partida para determinar cuándo prescribe la acción por daños y perjuicios es la fecha en que se notificó al Colegio Mayor sobre la Sentencia Enmendada y fundamentó su determinación en la teoría cognoscitiva del daño. Por esa razón, determinó revocar la desestimación y devolver el caso al foro de instancia para que se determine, mediante prueba, la fecha exacta en que el Colegio Mayor advino en conocimiento de la Sentencia Enmendada emitida el 5 de marzo de 2010 y archivada en autos el 15 de marzo de 2010. A la luz de la normativa discutida, concluimos que esa determinación es errónea, por lo que sí se cometió el único error señalado. Nos explicamos.

---

[29] Colón Prieto v. Géigel, *supra*, pág. 242.

En este caso, la parte peticionaria, el Colegio Mayor, alegó que el término prescriptivo no comenzó a transcurrir hasta finalizados los trámites apelativos del caso. En específico, sostuvo que mediante la carta cursada por el licenciado Rodríguez Fernández el 3 de junio de 2011 fue que advino en conocimiento de que su daño era real. Mientras, la parte recurrida, el licenciado Rodríguez Fernández, sostuvo que el Colegio Mayor conoció del alegado daño desde el momento en que se anotó la rebeldía el 9 de octubre de 2009.

A pesar de poder constatar la fecha exacta en la cual advino en conocimiento el Colegio Mayor sobre la Sentencia Enmendada, quedan por resolver si existen los elementos que permiten ejercer una causa de acción en contra del abogado en un caso por impericia legal o mala práctica legal. Veamos.

El pleito en el cual se le atribuye la alegada negligencia al licenciado Rodríguez Fernández fue una querella laboral en contra del Colegio Mayor al amparo del procedimiento sumario dispuesto en la Ley 2, *supra*. Una vez anotada la rebeldía por no contestar la demanda dentro del término correspondiente, el tribunal de instancia dictó la Sentencia Enmendada el 5 de marzo de 2010, la cual fue notificada el 15 de marzo de 2010.

Este caso presenta la situación en la cual el propio representante legal continuó con los trámites

apelativos para la revisión de la Sentencia Enmendada. Por lo tanto, a ese momento la referida Sentencia no era una determinación final y firme. Además, nos resulta forzoso concluir que en el Colegio Mayor existía la expectativa de prevenir el resultado de ejecutar la Sentencia que ordenaba el pago de $91,300.00. Tal expectativa la fomentó el propio abogado, ello al promover los trámites apelativos para revisar dicha determinación. Esa expectativa albergaba la esperanza de que no se produjera la consecuencia lesiva de la anotación de rebeldía en el caso.

Si bien es cierto que el Colegio Mayor pudo haber tenido conocimiento de la Sentencia Enmendada, el abogado le orientó (o debió haberle orientado) en cuanto a la posibilidad de apelar dicho dictamen y, en efecto, cobró honorarios para continuar la representación legal ante los foros apelativos. Al examinar los elementos necesarios para ejercer la causa de acción, podemos observar que independientemente de que el Colegio Mayor obtuvo conocimiento de la Sentencia Enmendada, y que fuera orientado y asesorado por su abogado para continuar con los trámites apelativos, estaba impedido de ejercer su acción judicial, **pues no se había concretado un daño real**. Nos parece incompatible pretender que un cliente demande a su abogado cuando éste es el que le ha orientado sobre la posibilidad de prevalecer mediante trámites apelativos para impedir el

efecto de la determinación emitida por el tribunal de instancia. Peor aún, resulta injusto que un cliente base su confianza en la orientación ofrecida por su representante legal y que éste, precisamente por la confianza depositada en él, aconseje a su cliente a los fines de dejarle desprovisto de un remedio por el daño sufrido por su culpa o negligencia.

Los trámites apelativos en este caso tomaron desde la presentación de la Petición de *certiorari* ante el Tribunal de Apelaciones el 14 de mayo de 2010 hasta el 13 de abril de 2011 con el mandato de este Foro luego de haber emitido una Resolución declarando "no ha lugar" al recurso de *certiorari* presentado. Fue en ese momento cuando se concretó el daño real sobre el cual el Colegio Mayor no tenía conocimiento. Conforme a las alegaciones de ambas partes, y según surge del expediente, la notificación del licenciado Rodríguez Fernández al Colegio Mayor sobre el fin del pleito fue mediante una carta fechada de 3 de junio de 2011. Es decir, no fue hasta pasados dos meses que el licenciado Rodríguez Fernández le comunicó al Colegio Mayor de la Resolución adversa a su cliente, mediante la cual este Tribunal denegó la expedición del recurso el 1 de abril de 2011, archivada en autos el 6 de abril de 2011.

En atención a ello, concluimos que el momento en que el Colegio Mayor advino en conocimiento sobre el

daño real alegadamente causado por la negligencia del abogado fue el 3 de junio de 2011, momento en el cual el licenciado Rodríguez Fernández notificó -mediante carta- al Colegio Mayor que el pleito había llegado a su fin. Por lo tanto, el término prescriptivo de un año en esta causa de acción por daños y perjuicios comenzó a transcurrir desde el 3 de junio de 2011. La demanda fue presentada ante el foro de instancia el 21 de diciembre de 2011, por lo que resolvemos que la misma no está prescrita.

Por todo lo anterior, concluimos que al amparo del Art. 1868 del Código Civil, *supra*, el cliente tiene un año para exigir la responsabilidad civil de su abogado desde que adviene en conocimiento de la decisión final y firme sobre el litigio en el que se le imputa la negligencia a su representante legal; es en ese momento en el que se tienen los elementos necesarios para ejercer la acción judicial.

Además, por los hechos que se esbozan en esta Opinión, referimos el asunto a la Oficina de la Procuradora General para investigación e informe en el término de 60 días (contado a partir de la notificación de esta determinación) en relación con la posibilidad de comenzar un proceso disciplinario contra el Lcdo. Carlos J. Rodríguez Fernández.

IV

Por las razones antes expresadas, revocamos la determinación del Tribunal de Apelaciones y devolvemos el caso al foro de instancia para la continuación de los procedimientos conforme a lo aquí dispuesto.

Se dictará sentencia de conformidad.


                                  Erick V. Kolthoff Caraballo
                                       Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio Mayor de Tecnología

    Peticionario

          v.

Carlos J. Rodríguez Fernández

    Recurrido

CC-2014-189    Certiorari

SENTENCIA

San Juan, Puerto Rico, a 29 de enero de 2016.

      Por los fundamentos expuestos en la Opinión que antecede la cual se hace formar parte íntegra de la presente, revocamos la determinación del Tribunal de Apelaciones y devolvemos el caso al foro de instancia para la continuación de los procedimientos conforme a lo aquí dispuesto.

      Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada Oronoz Rodríguez concurre con el resultado sin opinión escrita.

              Aida Ileana Oquendo Graulau
              Secretaria del Tribunal Supremo