Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| KARLA TATIANA RIVERA LAMBERTY<br><br>Apelante<br><br>V.<br><br>PILAR PÉREZ ROJAS, COMPAÑÍA DE SEGURO ABC<br><br>Apelados | KLAN202400022 | Apelación procedente del Tribunal de Primera Instancia Sala de Superior de San Juan<br><br>Caso Núm.: SJ2021CV08416 (804)<br><br>Sobre:<br>Acción Civil<br>Daños y Perjuicios por Impericia Profesional |

Panel integrado por su presidente, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Marrero Guerrero, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de marzo de 2024.

Comparece la Sra. Karla Tatiana Rivera Lamberty (en adelante, señora Rivera Lamberty o apelante) mediante recurso de *Apelación* en el que nos solicita que revoquemos una *Sentencia* dictada el 3 de noviembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI).[1] En esta determinación, el foro primario declaró ha lugar una *Solicitud de Sentencia Sumaria* presentada por la Sra. Pilar B. Pérez Rojas (en adelante, licenciada Pérez Rojas o parte apelada) en contra de la apelante. En consecuencia, desestimó la reclamación al considerar que no están presentes los elementos necesarios para que proceda una acción por daños y perjuicios.

Tras evaluar el expediente ante nuestra consideración, *revocamos* la Sentencia apelada. Explicamos.

---

[1] Apéndice de la *Apelación* de la señora Rivera Lamberty, págs. 15-29. Archivada y notificada en autos el 6 de noviembre de 2023.

**-I-**

El 29 de abril de 2016, la señora Rivera Lamberty y la licenciada Pérez Rojas suscribieron un contrato de servicios profesionales.[2] Según lo estipulado, ambas partes acordaron que, entre otras cosas, la licenciada Pérez Rojas actuaría como representante legal de la señora Rivera Lamberty en la continuación del litigio *Rivera Lamberty v. Rodríguez Amador*, FAC2009-1188, relacionado con la liquidación de la sociedad legal de gananciales, proceso dilucidándose en el Tribunal de Primera Instancia, Sala Superior de Carolina. Con ese fin, pactaron los honorarios legales en doscientos dólares ($200.00) por hora, facturables en incrementos mínimos de quince (15) minutos. Además, la licenciada Pérez Rojas requirió el pago inicial no reembolsable de siete mil dólares ($7,000.00), a pagarse el día que suscribieron el contrato para formalizar la representación legal.

Después de varios trámites procesales en el litigio relacionado con la liquidación de la sociedad legal de gananciales, el 22 de junio de 2016, el foro primario emitió una *Sentencia* adversa a los intereses de la señora Rivera Lamberty. En concreto, determinó que los activos comunitarios ascendían a $137,029.34 y que el único pasivo era una hipoteca que gravaba una propiedad en la Urbanización Andrea's Court. Además, reconoció a la señora Rivera Lamberty un crédito de $163,002.17 y al señor José A. Rodríguez Amador un crédito de $418,491.69 sobre la totalidad de los bienes. Esto implicó que éste último tuviera un crédito neto de $255,489.52. De igual manera, el foro de instancia adjudicó a favor del señor Rodríguez Amador el inmueble en Andrea's Court. Por último, ordenó que una deuda con el Centro de Recaudación de Ingresos Municipales (CRIM) se pagara con el dinero consignado en el

---

[2] *Íd.*, págs. 474-475.

tribunal y que el sobrante, si alguno, se abonara al crédito del señor Rodríguez Amador.

Inconforme, la señora Rivera Lamberty, por medio de la licenciada Pérez Rojas, presentó un recurso de *Apelación*.[3] En este recurso, impugnó varias de las determinaciones del foro primario sobre los créditos concedidos a ambas partes. Para ello, atacó la adjudicación de credibilidad que hizo el juzgador de los hechos sobre la prueba y los testimonios presentados ante su consideración. Sin embargo, la licenciada Pérez Rojas incumplió con la Regla 19 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 76, al no acompañar una transcripción de la prueba oral ni utilizar ningún otro método de reproducción para que el foro intermedio pudiera pasar juicio sobre la evidencia y los testimonios evaluados por el TPI.

Por consiguiente, el Tribunal de Apelaciones emitió una *Sentencia* en la que confirmó el dictamen del foro de instancia, salvo que corrigió un error matemático en la suma de los créditos que corresponden a cada una de las partes.[4] A tal efecto, examinó detalladamente cada señalamiento de error. Sin embargo, durante el análisis de cada error, **enfatizó la falta de evidencia que respaldara la afirmación de que el TPI incidió en su determinación. Esto implicó respetar la deferencia otorgada al foro primario y reconocer que su actuación fue correcta**. En efecto, el Tribunal de Apelaciones expresó que:

> **La sentencia apelada está basada en la prueba desfilada creída por el TPI y no refutada ni controvertida por la apelante. La falta de una transcripción de la prueba oral que nos permita pasar juicio sobre su corrección, imposibilita que podamos ejercer nuestra función revisora. La ausencia de indicios de que el TPI aquilató la prueba con error manifiesto, prejuicio, parcialidad o pasión nos impide intervenir con su apreciación de los**

---

[3] *Íd.*, págs. 77-110.
[4] *Íd.*, págs. 175-198. En cuanto a la corrección del error matemático, el Tribunal de Apelaciones determinó "[q]ue la suma correcta de los créditos es la siguiente: al apelado le corresponde un crédito de $471,413.94, mientras que a la apelante le corresponde un crédito de $197,085.78. Luego de compensarlos, el apelado tiene finalmente un crédito neto a su favor de $274,328.17." *Íd.*, págs. 197-198.

> **hechos. Además, nos obliga a honrar la deferencia que merece el dictamen del foro primario ante el que declararon los testigos**.[5]

(Énfasis nuestro).

Luego de que una solicitud de reconsideración fuese rechazada por el foro apelativo, la señora Rivera Lamberty, por medio de la licenciada Pérez Rojas, presentó un *Certiorari* ante el Tribunal Supremo. A través de esta petición, solicitó que se autorizara la presentación tardía de la transcripción de la prueba oral y se devolviera el caso al foro intermedio para que considerara nuevamente los méritos del caso, con el beneficio de la transcripción de la prueba.

El 16 de septiembre de 2020, el Máximo Foro dictó una *Sentencia* en la que revocó la determinación del foro apelativo.[6] Además, ordenó la devolución del caso al Tribunal de Primera Instancia para que determinara el pago de renta de la propiedad ubicada en la Urbanización Andrea's Court a partir del 30 de noviembre de 2012, ya que desde esa fecha la señora Rivera Lamberty solicitó ese pago. En cuanto a la presentación tardía de la transcripción de la prueba oral, el Tribunal Supremo concluyó que no hubo justa causa para incumplir con los términos reglamentarios, por lo que consideró que el Tribunal de Apelaciones actuó correctamente al atender los señalamientos de error sin contar con la reproducción del testimonio oral. A tales efectos, no autorizó la presentación fuera del plazo reglamentario.

Eventualmente, el 23 de diciembre de 2021, la señora Rivera Lamberty presentó la *Demanda* que nos ocupa contra la licenciada Pérez Rojas.[7] En resumen, argumentó que: (1) después de la contratación de la parte apelada en el litigio *Rivera Lamberty v. Rodríguez Amador*, se discutió la evaluación del caso y una oferta de

---

[5] *Íd.*, pág. 197.
[6] *Íd.*, págs. 199-233.
[7] *Íd.*, págs. 714-719.

$150,000.00 que hizo el señor Rodríguez Amador para resolver el pleito mediante transacción; (2) la oferta transaccional se rechazó porque la parte apelada consideró que el litigio tenía un valor significativamente mayor; (3) tras el dictamen del foro primario, la licenciada Pérez Rojas recomendó apelar la sentencia para que el foro apelativo corrigiera los errores en la apreciación de la prueba por parte del juez del TPI; (4) una vez presentada la apelación, la licenciada Pérez Rojas no gestionó la presentación de la prueba oral conforme las reglas aplicables y nunca informó lo ocurrido; (5) la omisión de presentar la transcripción de la prueba oral impidió al foro intermedio cumplir con su función revisora; (6) la licenciada Pérez Rojas recomendó apelar ante el Tribunal Supremo para que revocara la sentencia del foro apelativo; (7) la licenciada Pérez Rojas solicitó a la apelante gestionar la transcripción de la prueba oral para presentarla tanto pronto lo dispusiera el Máximo Foro; (8) en junio del 2017, la señora Rivera Lamberty se esforzó considerablemente para gestionar la transcripción de forma expedita, a un costo de cinco mil dólares ($5,000.00); y (9) el Tribunal Supremo atendió el caso, pero no concedió que se presentara de forma tardía la transcripción de la prueba oral. Por todo esto, la apelante sostuvo que su búsqueda de justicia en la disputa por la liquidación de los bienes gananciales se vio frustrada. Solicitó el pago total de $631,000.00 por concepto de reembolso de honorarios legales y gastos, así como justa compensación por los daños y perjuicios sufridos debido a la impericia profesional de la parte apelada; más la suma de $25,000.00 por concepto de honorarios legales sobre el presente caso.

El 20 de febrero de 2022, la licenciada Pérez Rojas presentó una *Moción de Desestimación*.[8] A través de su petición, alegó que la

---

[8] *Íd.*, págs. 688-713.

causa de acción estaba prescrita y que no se habían establecido los elementos requeridos para una acción por daños y perjuicios sobre impericia profesional, de acuerdo con lo resuelto en el caso *Colón Prieto v. Géigel*, 115 DPR 232 (1984) y su progenie. Sin embargo, el 10 de mayo de 2022, el TPI emitió una *Resolución* en la que determinó que la demanda no estaba prescrita.[9] Además, consideró que el planteamiento sobre la inexistencia de los elementos establecidos en *Colón Prieto v. Géigel*, supra, era prematuro. Por lo cual, declaró no ha lugar la solicitud de desestimación.

Así las cosas, el 29 de mayo de 2022, la licenciada Pérez Rojas presentó su *Contestación a la Demanda*.[10] En esta, refutó las imputaciones en su contra y presentó defensas afirmativas para sustentar su posición. En esencia, negó su participación en las conversaciones transacciones del litigio *Rivera Lamberty v. Rodríguez Amador*, ya que al momento en que se llevó a cabo la negociación no había sido contratada como abogada en el caso. Además, refutó no haber informado a la señora Rivera Lamberty sobre los incidentes del caso. Asimismo, negó que el resultado desfavorable en la etapa apelativa del caso se debiera a la falta de la presentación de la transcripción de la prueba oral.

En cambio, argumentó que múltiples factores contribuyeron al resultado del pleito, incluyendo la debilidad del caso en sus méritos y el rechazo por parte de la apelante de una oferta que pudo haber sido más favorable. Afirmó que la decisión de no llegar a un acuerdo en el caso se tomó antes de que ella asumiera la representación legal de la señora Rivera Lamberty. También planteó que se proporcionaron orientaciones a la apelante sobre las diferentes opciones para su caso, y que ésta decidió apelar tanto ante el Tribunal de Apelaciones como ante el Tribunal Supremo.

---

[9] *Íd.*, págs. 549.550. Archivada y notificada en autos el 10 de noviembre de 2023.
[10] *Íd.*, págs. 541-548.

Finalmente, indicó que ambos tribunales evaluaron el caso en sus méritos al considerar otra evidencia documental presentada, así como los errores que se plantearon.

Tras varios trámites procesales, el 3 de mayo de 2023, el foro de instancia concedió un término a las partes para radicar sus respectivas mociones de sentencia sumaria.[11] En ese contexto, el 8 de agosto de 2023, la licenciada Pérez Rojas presentó una *Solicitud de Sentencia Sumaria*.[12] En síntesis, señaló que su omisión de no presentar la transcripción de la prueba oral ante el foro apelativo no fue resultado de negligencia, sino de una situación imprevista relacionada con la salud de uno de sus hijos. De otro lado, puntualizó que no se cumplen los requisitos establecidos en *Colón Prieto v. Géigel*, supra, ya que de las alegaciones no surge con claridad que la señora Rivera Lamberty tenía una acción válida que debió haber prevalecido en el Tribunal de Apelaciones, así como tampoco surge la existencia de causalidad adecuada. Por estas razones, solicitó al TPI que dicte sentencia a su favor de manera sumaria y desestime la reclamación de daños y perjuicios presentada por la apelante.

Durante la misma fecha, la señora Rivera Lamberty presentó una *Moción de Sentencia Sumaria*.[13] En esta, arguyó que no existen hechos en controversia que justifiquen la celebración de una vista en su fondo para dirimir credibilidad, ya que la licenciada Pérez Rojas admitió los hechos esenciales que configuran la causa de acción principal del caso. Para sustentar su postura, señaló que tuvo una relación abogado-cliente con la licenciada Pérez Rojas, quien incumplió su deber de competencia al presentar un recurso apelativo con señalamientos de errores sobre la apreciación de la

---

[11] Entrada Núm. 40 del expediente digital del caso en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).
[12] Apéndice de la *Apelación* de la señora Rivera Lamberty, págs. 274-298.
[13] *Íd.*, págs. 244-258.

prueba por parte del TPI sin incluir la transcripción del desfile de la prueba. Además, indicó que la omisión de la parte apelada fue la causa próxima del daño sufrido al no tener la oportunidad de que un tribunal de mayor jerarquía revisara la evidencia presentada. Por todo ello, solicitó que se dicte sentencia sumariamente a su favor.

El 22 de septiembre de 2023, la señora Rivera Lamberty presentó una *Oposición de la Demandante a Moción de Sentencia Sumaria de la Demandada*.[14] En resumen, aclaró que la negligencia alegada en la *Demanda* no tuvo lugar durante el proceso de primera instancia, sino durante el trámite apelativo, toda vez que la licenciada Pérez Rojas no presentó oportunamente la transcripción de la prueba oral, como lo exigen las reglas aplicables. Por ello, expresó que es ilógico exigir volver a litigar el caso de primera instancia cuando la negligencia que se reclama no ocurrió en ese contexto. Además, expuso que licenciada Pérez Rojas, de forma equivocada, intenta aplicar los elementos establecidos por el Tribunal Supremo en el caso *Colón Prieto v. Géigel*, supra, sumariamente, antes de que se celebre el juicio en su fondo, mediante una moción dispositiva. Sin embargo, afirmó que, aunque los factores del caso antes citado no pueden aplicarse de manera sumaria, se cumple con todos éstos en la causa de acción contra la licenciada Pérez Rojas relacionada con su representación legal durante la etapa apelativa en el caso de liquidación de bienes gananciales.

Ese mismo día, la licenciada Pérez Rojas presentó una *Oposición a Solicitud de Sentencia Sumaria Presentada por la Parte Demandante*.[15] En este escrito, manifestó que, según la doctrina establecida en el caso *Colón Prieto v. Géigel*, supra, para que un demandante pueda probar un caso de negligencia profesional contra

---

[14] *Íd.*, págs. 167-173.
[15] *Íd.*, págs. 31-50.

un abogado o una abogada, es requisito litigar un juicio dentro de otro juicio. Esto implica que la parte demandante debe demostrar que, de no haber ocurrido la presunta negligencia por parte del abogado o la abogada en el pleito original, el resultado del caso habría sido favorable para ella. Sostuvo que, a pesar de la doctrina discutida, la señora Rivera Lamberty presentó simples alegaciones, sin fundamentar cómo el Tribunal de Apelaciones hubiera revertido el dictamen del foro de instancia con la presentación de la prueba oral. Agregó que la apelante no explicó la razón ni el testimonio que el foro apelativo hubiera descartado, ni tampoco detalló dónde hubo prejuicio o parcialidad por parte del juzgador de los hechos. Asimismo, indicó que la señora Rivera Lamberty no presentó ninguna evidencia que respalde los presuntos daños sufridos por la omisión de la parte apelada. De todas formas, concluyó que ninguno de los hechos que la apelante presentó como incontrovertidos pueden llevar TPI a concluir que la señora Rivera Lamberty hubiera prevalecido en el foro intermedio.

El 3 de noviembre de 2023, el TPI emitió una *Sentencia* en la que declaró ha lugar la *Solicitud de Sentencia Sumaria* presentada por la licenciada Pérez Rojas en contra de la apelante.[16] Consiguientemente, desestimó la reclamación al considerar que no están presentes los elementos necesarios para que proceda una acción por daños y perjuicios.

Inconforme con la decisión, la señora Rivera Lamberty acudió ante nosotros e imputó la comisión de los siguientes errores:

> **Primer error:** Erró el TPI al dictar Sentencia Sumaria desestimando de forma prematura, sin obedecer el trámite contemplado en la Regla 36.6 de Procedimiento Civil y su jurisprudencia aplicable, concluyendo de forma contradictoria, contrario a las admisiones de la propia demandada-apelada y de lo resuelto por el Honorable Tribunal de Apelaciones y el Honorable Tribunal Supremo de que en este caso

---

[16] Apéndice de la *Apelación* de la señora Rivera Lamberty, págs. 15-29. Archivada y notificada en autos el 6 de noviembre de 2023.

la demandante-apelante no sufrió daño alguno porque los tribunales mencionados sí vieron su caso en los méritos, a pesar de que también concluye que el TA resolvió expresamente que "no pudo ejercer su función revisora".

**Segundo error:** Erró el TPI al dictaminar que la Apelada no controvirtió los hechos esenciales del caso violentando con ello la normativa que prohíbe que el tribunal dirima cuestiones de credibilidad mediante el mecanismo de sentencia sumaria.

Por su parte, la licenciada Pérez Rojas reiteró que la apelante debió evidenciar que, de no haber ocurrido la omisión de la transcripción de la prueba oral, hubiera tenido éxito en la apelación original. Resaltó que el Tribunal de Apelaciones evaluó el caso en sus méritos al considerar todos los señalamientos de error, a pesar de no contar con la transcripción de la prueba oral. Igualmente, subrayó que la decisión del Tribunal Supremo fue favorable para la señora Rivera Lamberty, ya que conllevó un aumento en la cuantía del crédito que le correspondía en relación con los bienes gananciales, y que esta conclusión se alcanzó gracias a los argumentos presentados por la licenciada Pérez Rojas.

Con el beneficio de la comparecencia de las partes, procedemos a discutir las normas jurídicas aplicables a este recurso.

**-II-**

**-A-**

La sentencia sumaria es un mecanismo procesal cuyo objetivo principal es simplificar la solución justa, rápida y económica de casos civiles que no presentan controversias genuinas o reales sobre hechos materiales y esenciales. Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36; *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120, 4 (2023); *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022); *SLG Fernández-Bernal v. RAD-MAN et al.*, 208 DPR 310, 334 (2021); *Zambrana García v. ELA et al.*, 204 DPR 328, 341 (2020). Se considera un hecho material esencial aquel que

puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *S.L.G. Szendrey-Ramos v. Consejo de Titulares*, 184 DPR 133, 167 (2011). En ese sentido:

> *La sentencia solicitada será dictada inmediatamente si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas si las hay, u otra evidencia, demuestran que no hay controversia real sustancial en cuanto a algún hecho esencial y pertinente y que, como cuestión de derecho, el tribunal debe dictar sentencia sumaria a favor de la parte promovente.*
>
> Regla 36.3 (e) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (e)

En otras palabras, este mecanismo podrá ser empleado en situaciones en las que la celebración de una vista o del juicio en su fondo resultare innecesaria, debido a que el tribunal tiene ante su consideración todos los hechos necesarios y pertinentes para resolver la controversia y solo resta aplicar el derecho. *Burgos López et al. v. Condado Plaza*, 193 DPR 1, 16-17 (2015); *Mejías v. Carrasquillo*, 185 DPR 288, 299 (2012). En sentido contrario, un asunto no debe ser resuelto sumariamente cuando:

> *(1) existen hechos materiales y esenciales controvertidos; (2) haya alegaciones afirmativas en la demanda que no han sido refutadas; (3) surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o (4) como cuestión de derecho no procede. S.L.G. Szendrey-Ramos v. Consejo de Titulares,* supra, pág. 167.

El inciso (a) de la Regla 36.3 de Procedimiento Civil establece que la moción de la parte promovente deberá contener:

> *(1) Una exposición breve de las alegaciones de las partes;*
> *(2) los asuntos litigiosos o en controversia;*
> *(3) la causa de acción, reclamación o parte respecto a la cual es solicitada la sentencia sumaria;*
> *(4) una relación concisa y organizada en párrafos enumerados, de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen los mismos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal;*
> *(5) las razones por las cuales debe ser dictada la sentencia, argumentando el derecho aplicable, y*
> *(6) el remedio que debe ser concedido.*
>
> Regla 36.3(a) de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(a).

De manera similar, la Regla 36.4 de Procedimiento Civil establece que, si no se emite una sentencia sobre la totalidad del pleito, no se otorga todo el remedio solicitado, o se deniega la petición, y es necesario celebrar un juicio, será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, así como los hechos esenciales y pertinentes que están realmente controvertidos.

Asimismo, presentada una moción de sentencia sumaria, la parte promovida no deberá cruzarse de brazos ni descansar exclusivamente en meras afirmaciones o en las aseveraciones contenidas en sus alegaciones. *Rodríguez Méndez v. Laser Eye*, 195 DPR 769, 785 (2016). Es preciso que la parte promovida formule, con prueba adecuada en derecho, una posición sustentada con contradeclaraciones juradas y contradocumentos que refuten los hechos presentados por el promovente. *SLG Fernández-Bernal v. RAD-MAN et al.*, supra, págs. 336-337 (2021); *Ramos Pérez v. Univisión*, 178 DPR 200, 215 (2010). Por consiguiente, cualquier duda que plantee sobre la existencia de hechos materiales en controversia no será suficiente para derrotar la procedencia de la solicitud. *Oriental Bank v. Perapi et al.*, 192 DPR 7, 26 (2014). Después de todo, la etapa procesal para presentar prueba que controvierta los hechos propuestos por una parte en su moción de sentencia sumaria no es en el juicio, sino al momento de presentar una oposición a la moción de sentencia sumaria, según lo exige la Regla 36 de Procedimiento Civil. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 122 (2015).

Con ese fin, la parte promovida también está obligada a cumplir con las exigencias enunciadas en las cláusulas (1), (2) y (3) del inciso (a) de la Regla 36.3 (b)(1) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3 (b)(1). Le corresponde citar con especificidad cada uno

de los párrafos, según enumerados en la solicitud de sentencia sumaria, que entiende se encuentran en controversia, al igual aquellos que no. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 432 (2013). Dicha tarea deberá ser realizada de forma tan detallada y específica como lo haya hecho la parte promovente y haciendo referencia a la evidencia admisible en la cual se sostiene la impugnación, con cita a la página o sección pertinente. *Íd.*

Así pues, al evaluar si existe controversia de hechos que impidan dictar sentencia sumaria, los Tribunales deben: (1) analizar los documentos que acompañan la solicitud, los incluidos en la oposición y aquellos que obran en el expediente; y (2) determinar si el oponente controvirtió algún hecho material o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *S.L.G. v. S.L.G.*, 150 DPR 171, 194 (2000).

Finalmente, destacamos que, según establecido por nuestro Tribunal Supremo, **este primer foro apelativo se sitúa en la misma posición que los foros de instancia al revisar las solicitudes de que determinada sentencia sea dictada sumariamente**. *Rivera Matos v. Estado Libre Asociado de Puerto Rico*, 204 DPR 1010, 1025 (2020); *Meléndez González et al. v. M. Cuebas*, supra. **Por lo tanto, nuestra revisión es una *de novo.***

**-B-**

En el marco de nuestro ordenamiento, se permiten las reclamaciones por impericia profesional contra abogados o abogadas al amparo del Art. 1802 del Código Civil, 31 LPRA sec. 5141.[17] Este artículo establece que "[e]l que por acción u omisión causa daño a otro, interviniendo culpa o negligencia, está obligado a reparar el daño causado. La imprudencia concurrente del

---

[17] Haremos referencia a las disposiciones del derogado Código Civil toda vez que era de aplicación al momento de la omisión imputada a la parte apelada.

perjudicado no exime de responsabilidad, pero conlleva la reducción de la indemnización." *Íd.* En ese sentido, la responsabilidad civil de un abogado o de una abogada por negligencia en el ejercicio de la abogacía se configura a base de los elementos típicos de toda acción por daños contra un profesional. *Colón Prieto v. Géigel,* 115 DPR 232, 238 (1984); *In re Pagán Ayala,* 117 DPR 180, 185 (1986). Ahora bien, en toda reclamación por impericia profesional de un abogado o abogada, el representante legal es juzgado según el criterio del "abogado razonable". *Colón Prieto v. Géigel,* supra, pág. 239.

Cabe resaltar que, los elementos necesarios para que prospere una causa de acción en contra de un abogado o abogada son: (1) que la existencia de una relación abogado-cliente genere un deber; (2) que el abogado, por acción u omisión, lo viole; (3) que esa violación sea la causa próxima del daño al cliente, y (4) que el cliente, como reclamante, sufra daño o pérdida. *Col. Mayor v. Rodríguez Fernández,* 194 DPR 635, 648 (2016); *Colón Prieto v. Géigel,* supra, pág. 239.

Además, la parte perjudicada no tan solo tiene que estar consciente que ha sufrido un daño, sino que tiene que conocer que recibió ese daño por causa de su abogado o abogada. *Col. Mayor v. Rodríguez Fernández,* supra, pág. 649. En otras palabras, tiene que conocer que la causa próxima de su daño fue la acción u omisión del abogado o la abogada.

Por consiguiente, la naturaleza de una reclamación por mala práctica profesional, en contraste con otras, resulta más compleja respecto al elemento de la relación causal. Esto se debe a que el actor tiene que probar, además de los cuatro elementos mencionados previamente, que su causa de acción era válida y se malogró por la actuación negligente del abogado o la abogada. *Colón Prieto v. Géigel,* supra, pág. 242. En esencia, la parte reclamante tiene que demostrar que podía prevalecer en su pleito, pero no fue

así debido a que el abogado o la abogada no trabajó adecuadamente el caso. *Col. Mayor v. Rodríguez Fernández,* supra, pág. 636.

Lo anterior, es una exigencia peculiar denominada por los tratadistas "un caso dentro del caso". Esta doctrina significa que el "cliente debe establecer que él debió ganar el primer caso como paso previo para ganar el segundo". *Colón Prieto v. Géigel,* supra, pág. 242, citando a J. Wade, The Attorney's Liability for Negligence en Professional Negligence (Roady & Andersen eds.), Tennessee, Vanderbilt Univ. Press, 1960, pág. 231.

A su vez, en *Colón Prieto v. Géigel,* el Tribunal Supremo precisó que:

> La necesidad de litigar el caso previo alegadamente frustrado para abrir las puertas al segundo implica ventilar todos los puntos y elementos clásicos de un proceso ordinario, con la única variante que, de hallarse probada la causa original, no podrá exigirse de la parte culposa resarcimiento. Simplemente habrá terminado el prólogo del proceso para entonces comenzar la segunda etapa e intentar establecer la responsabilidad del abogado.

*Íd.*, pág. 242.

**-C-**

Es ampliamente conocido que, cuando en un recurso de apelación se ha señalado algún error relacionado con la suficiencia de la prueba testifical o con la apreciación de la prueba por parte del Tribunal de Primera Instancia, la parte apelante tiene que presentar una exposición narrativa de la prueba para que de esta manera el tribunal apelativo pueda cumplir cabalmente con su función revisora. Regla 19 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 19; *Álvarez v. Rivera,* 165 DPR 1, 13 (2005); *Rivera v. Pan Pepín,* 161 DPR 681, 686 (2004); *Hernández v. San Lorenzo Const.*, 153 DPR 405, 422 (2001).

Específicamente, la Regla 19 del Reglamento del Tribunal de Apelaciones establece que, "cuando la parte apelante haya señalado algún error relacionado con la suficiencia de la prueba testifical o

con la apreciación errónea de ésta por parte del tribunal apelado, someterá una transcripción, una exposición estipulada o una exposición narrativa de la prueba". 4 LPRA Ap. XXII-B, R. 19. A tales efectos, deberá acreditar dentro de los diez (10) días siguientes a la presentación del recurso el método de reproducción de la prueba oral que pretende utilizar. *Íd.* Este término es de cumplimiento estricto, por lo que, cuando medie justa causa, podrá extenderse previa solicitud con ese fin. *Patiño Chirino v. Parador Villa Antonio*, 196 DPR 200, 450-451 (2016); *Rojas v. Axmayer Ent., Inc.*, 150 DPR 560, 564 (2000).

Por otra parte, la Regla 76 del Reglamento del Tribunal de Apelaciones detalla los requisitos necesarios para la presentación de la transcripción. Siento esto así, la parte apelante será responsable en desplegar toda la diligencia requerida para dar cumplimiento a los plazos dispuestos por esta regla. 4 LPRA Ap. XXII-B, R. 76.

Por último, el Tribunal Supremo ha resuelto que las partes vienen obligadas a cumplir cabalmente con el trámite prescrito en las leyes y los reglamentos aplicables para el perfeccionamiento de los recursos apelativos y no puede quedar al arbitrio de éstas o de sus abogados o abogadas elegir qué disposiciones reglamentarias deben acatarse y cuándo. *Pérez Soto v. Cantera Pérez, Inc. et al.*, 188 DPR 98, 104-105 (2013); *Hernández Maldonado v. The Taco Maker, Inc.*, 181 DPR 281, 290 (2011); *Morán v. Martí*, 165 DPR 356, 363 (2005).

A la luz de las normas jurídicas antes expuestas, procedemos a resolver.

**-III-**

En el presente caso, debemos determinar si el foro primario incidió al conceder la solicitud de sentencia sumaria presentada por la parte apelada. En esencia, el TPI consideró que no existen hechos en controversia que impidan disponer del caso sumariamente. Como

resultado, concluyó que no están presentes los elementos necesarios para que proceda una acción por daños y perjuicios sobre impericia profesional contra una abogada.

Es fundamental destacar que, según lo dispuesto por el Tribunal Supremo, al analizar una solicitud de sentencia sumaria, los tribunales de instancia deben: (1) examinar estrictamente la petición y los documentos que la acompañan, junto a la moción en oposición y todos los documentos que obran en el expediente del recurso, y (2) determinar si quien se opone a la solicitud de sentencia sumaria controvirtió algún hecho material o hay alegaciones de la demanda que no fueron refutadas en la solicitud de sentencia sumaria. *SLG Zapata-Rivera v. JF Montalvo*, supra. Además, es norma reiterada en nuestro ordenamiento jurídico que el Tribunal de Apelaciones se sitúa en la misma posición que el Tribunal de Primera Instancia al revisar una solicitud de sentencia sumaria. *Rivera Matos v. Estado Libre Asociado de Puerto Rico*, supra, pág. 1025; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118.

En vista de lo anterior, hemos evaluado *de novo* la *Solicitud de Sentencia Sumaria* presentada por la licenciada Pérez Rojas, así como la documentación en apoyo a la misma y los escritos posteriores de ambas partes, y determinamos que TPI incidió en su dictamen.

Consideramos que existe controversia real y sustancial sobre hechos materiales que impiden disponer del caso de forma sumaria. En primer lugar, están en controversia los alegados daños y perjuicios sufridos por la apelante en el proceso apelativo, así como en el resultado del caso *Rivera Lamberty v. Rodríguez Amador*, FAC2009-1188, **debido a la falta de la presentación de la transcripción de la prueba oral por parte de la licenciada Pérez Rojas**. Es evidente que la parte apelada actuó negligentemente al no presentar la transcripción de la prueba oral desfilada en el juicio, a

tenor con las disposiciones del Reglamento del Tribunal de Apelaciones.

Surge de los autos que, la licenciada Pérez Rojas sostiene que su incumplimiento se debió a una situación imprevista relacionada con la salud de uno de sus hijos. Ahora bien, el Tribunal Supremo resolvió que la abogada "**se limitó a expresar dos meses más tarde que tuvo una emergencia de salud, sin indicar cuál fue o acreditar fehacientemente su ocurrencia**" (énfasis nuestro). [18] Por lo tanto, **no hubo justa causa** para incumplir con los términos reglamentarios sobre reproducción de la prueba oral.

Es relevante destacar que la licenciada Pérez Rojas fue contratada en las etapas avanzadas del litigio a nivel de instancia.[19] Según surge del expediente, la representación legal de la señora Rivera Lamberty en el caso contra el señor Rodríguez Amador estuvo a cargo de dos abogados: el Lcdo. Rubén Falú Allende y la licenciada Pérez Rojas. Conforme a la *Deposición* tomada al Lcdo. Falú Allende el 22 de diciembre de 2022, éste simplemente respondió que la licenciada Pérez Rojas no participó en las conversaciones transaccionales con la otra parte. No obstante, no especificó si la licenciada aconsejó a la apelante a rechazar la oferta.[20]

Por otro lado, surge de la *Contestación a Interrogatorio*, que la señora Rivera Lamberty respondió lo siguiente:

> "la parte demandada había ofrecido una oferta de $150,000.00, la cual fue consultada y discutida con la abogada Pérez Rojas. Luego de su análisis del caso la abogada Pérez Rojas recomendó que continuáramos con el mismo, ya que entendía que el caso tenía un valor monetario mayor a la oferta ofrecida por la parte demandada."[21]

De acuerdo con lo anterior, concluimos que está en controversia si la licenciada Pérez Rojas aconsejó a la señora Rivera

---

[18] *Rivera Lamberty v. Rodríguez Amador*, 205 DPR 194, 203-204 (2020).
[19] Apéndice de la *Apelación* de la señora Rivera Lamberty, págs. 474-475.
[20] *Íd.*, págs. 111-114.
[21] *Íd.*, págs. 144-145.

Lamberty rechazar la oferta transaccional por la cantidad de $150,000.00 realizada por el señor Rodríguez Amador.

Por todo lo discutido previamente, resolvemos, distinto al Tribunal de Primera Instancia, que existe controversia real sobre los siguientes hechos materiales:

1. Si la licenciada Pérez Rojas aconsejó a la señora Rivera Lamberty rechazar la oferta transaccional en el caso FAC2009-1188.

2. Los daños y perjuicios sufridos por la señora Rivera Lamberty a causa de la negligencia de la licenciada Pérez Rojas en la epata apelativa del caso *Rivera Lamberty v. Rodríguez Amador,* FAC2009-1188.

Por otro lado, es importante destacar que, la licenciada Pérez Rojas aduce que tanto el Tribunal de Apelaciones como el Tribunal Supremo **evaluaron el caso en sus méritos al considerar otra evidencia documental sometida**, así como los errores que se plantearon.[22] Este argumento acerca de que el tribunal apelativo utilizó otra prueba documental presentada para analizar los errores planteados no nos persuade. Máxime, cuando el Tribunal de Apelaciones señaló que la señora Rivera Lamberty, en el caso sobre liquidación de bienes gananciales, no "presentó ningún otro tipo de evidencia suficiente para concluir que las determinaciones de hecho y las conclusiones de derecho que hizo el tribunal de instancia fueran erróneas".[23] Por lo tanto, **el Tribunal de Apelaciones sí atendió el caso, pero su evaluación sobre la adjudicación de la prueba oral estuvo limitada debido a la inexistencia de la transcripción oral**. Ante esta limitación, el foro apelativo no tuvo otra opción que aplicar la norma de deferencia judicial sobre la apreciación de los hechos que realizó el Tribunal de Primera Instancia. De hecho, **el foro apelativo hizo constar en reiteradas**

---

[22] *Íd.*, pág. 543.
[23] Véase KLAN201061178.

**ocasiones que su función revisora se vio frustrada**.[24] De entrada,

expresó lo siguiente:

> "… no nos ha provisto las herramientas necesarias para que podamos ejercer nuestra función revisora y pasar juicio sobre la apreciación de la prueba que hizo el foro primario. La apelante no acompañó una transcripción de la prueba oral, ni utilizó ningún otro método de reproducción que nos permita pasar juicio sobre la evidencia y los testimonios evaluados por el TPI. Tampoco presentó ningún otro tipo de evidencia suficiente para concluir que las determinaciones de hecho y las conclusiones de derecho que hizo el tribunal de instancia fueran erróneas."

> *Íd.*

Enfatizamos que la señora Rivera Lamberty perdió su derecho a que se revisara correctamente la sentencia apelada y se pasara juicio sobre la apreciación de la prueba oral en el caso sobre la liquidación de bienes gananciales. Ahora bien, en el presente caso, a la apelante le corresponde demostrar si en efecto sufrió algún daño o perjuicio debido a la negligencia de la licenciada Pérez Rojas en la etapa apelativa de su pleito en contra del señor Rodríguez Amador, siguiendo los parámetros establecidos en *Colón Prieto v. Géigel*, supra. Sin embargo, esto no se posibilita con la desestimación del caso sumariamente, por lo que revocamos la determinación del TPI.

En síntesis, la exhaustiva revisión del tracto procesal y la existencia de controversia real sobre hechos materiales impiden la correcta adjudicación del caso mediante un proceso sumario, de acuerdo con las normas jurídicas aplicables. En consecuencia, el foro primario cometió los errores señalados por la apelante. No procedía dictar sentencia sumaria en esta etapa del litigio. Por el contrario, el TPI debió celebrar el juicio en sus méritos.

**-IV-**

Por los fundamentos que anteceden, *revocamos* la *Sentencia* apelada y ordenamos la devolución del caso al TPI para la

---

[24] Íd., págs. 18-25 (discusión de los señalamientos de error).

continuación de los procedimientos, de conformidad con lo aquí resuelto.

Lo acuerda el Tribunal, y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones