ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ELIA ENID DÍAZ VÁZQUEZ, LUIS ERNESTO DÍAZ VÁZQUEZ<br><br>Recurrido<br><br>v.<br><br>O EN LA ALTERNATIVA COMPAÑÍA DESCONOCIDA A, H/N/C HOSPITAL HERMÁNOS MELÉNDEZ, HOSPITAL HERMANOS MELÉNDEZ, INC., O EN LA ALTERNATIVA COMPAÑIA DESCONOCIDA A, H/N/C HOSPITAL HERMANOS MELENDEZ, SOCIEDAD LEGAL DE BIENES GANANCIALES TORRELLAS DE TAL I, FULANA DE TAL I, DR. RAFAEL A. TORRELLAS RUIZ, DR. JESUS RAMÓN AMPARO FLORES, FULANA DE TAL II, SOCIEDAD LEGAL DE BIENES GANANCIALES AMPARO- FULANA DE TAL II, FULANO DE TAL I, SOCIEDAD LEGAL DE BIENES GANANCIALES MALDONADO-FULANO DE TAL I, DR. FULANO J. VÁZQUEZ, FULANA DE TAL III, SOCIEDAD DE BIENES GANANCIALES VÁZQUEZ-FULANA DE TAL III, FULANA DE TAL IV, SOCIEDAD LEGAL DE BIENES GANANCIALES RAMÍREZ- FULANA DE TAL IV, FULANA DE TAL V, SOCIEDAD LEGAL DE BIENES GANANCIALES MERCADO- FULANA DE TAL V, DR. FULANO VILLAMIL, FULANA DE TAL VI, SOCIEDAD DE BIENES GANACIALES VILLAMIL- FULANA DE TAL VI, JUAN DEL PUEBLO 1 AL 20, CORPORACIONES A, B Y C, COMPAÑÍAS ASEGURADORAS A A LA Z<br>Peticionarios | **KLCE202400246** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2020CV02380<br><br>Sobre: Daños y Perjuicios |

Número Identificador
RES2024 _____

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 2 de abril de 2024.

Comparece ante este foro el Dr. José R. Villamil Rodríguez (doctor Villamil o "el peticionario") y nos solicita que revisemos una Resolución emitida por el Tribunal de Primera Instancia, Sala de Bayamón, notificada el 29 de enero de 2024. Mediante esta, el foro primario declaró *NO HA LUGAR* a la moción de reconsideración que presentó el peticionario el 24 de enero de 2024.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** el *certiorari* de epígrafe.

## I.

Según surge del expediente, el 3 de mayo de 2018, la Sra. Mercedes Vázquez Vázquez (señora Vázquez), el Sr. José Enrique Díaz Vázquez, la Sra. Elia Enid Díaz Vázquez y el Sr. Luis Ernesto Díaz Vázquez (en conjunto, "parte recurrida") presentaron una primera *Demanda* sobre daños y perjuicios, en contra del Hospital Hermanos Meléndez y varios codemandados médicos.[1] Señalaron que, el 3 de mayo de 2017, la señora Vázquez fue admitida al Hospital Hermanos Meléndez, siendo operada ese mismo día por el Dr. Torrellas. No obstante, tuvo una infección en la herida lo que conllevó a ser operada de emergencia por algunos de los médicos demandados. Añadieron que, la señora Vázquez permaneció hospitalizada en el Hospital Hermanos Meléndez hasta el 3 de julio de 2017, cuando fue transferida de

---

[1] *Demanda*, anejo III, págs. 4-10 del apéndice del recurso.
Entre los médicos codemandados se encuentran: el Dr. Rafael A. Torrellas Ruiz; Dr. Fulano Flores; Dr. Fulano J. Vázquez; Dr. Fulano Negrón; Dra. Zutana Collazo; Dra. Zutana Malavé; Dr. Fulano Ramírez; Dr. Fulano Maldonado; Juan del Pueblo (incluyendo a médicos, enfermeras u otras personas o entidades que atendieron a la señora Vázquez; Corporaciones A, B, C; Compañías Aseguradoras "A" a la "Z".

emergencia al Centro Médico de Puerto Rico, en condición crítica. En esencia, alegaron que se debió a la culpa o negligencia y desviaciones de los estándares de cuidado médico incurridas por los demandados en la evaluación, diagnóstico y tratamiento de la señora Vázquez. Por lo tanto, esbozaron que dichos actos resultaron en daños físicos, dolores, ansiedad, angustias mentales, y daños económicos, incluyendo lucro cesante.

Luego de varios trámites procesales, el 9 de agosto de 2019, el foro primario desestimó la *Demanda* original, sin perjuicio, debido a que había transcurrido el término de 120 días sin que tramitaran el diligenciamiento de los emplazamientos.[2]

Posteriormente, el 6 de agosto de 2020, la parte recurrida presentó una segunda *Demanda*, mediante la cual incluyeron como codemandado al doctor Villamil, entre otros.[3] El 15 de enero de 2021, compareció el peticionario mediante *Contestación a Demanda*, en la cual, entre sus defensas afirmativas, levantó que la causa de acción en su contra estaba prescrita.[4]

El 18 de noviembre de 2021, el doctor Villamil presentó una *Moción de Desestimación por Prescripción*.[5] Mediante esta, solicitó al foro primario que desestimara la causa de acción en su contra por esta estar prescrita. En síntesis, sostuvo que, desde el 15 de diciembre de 2017, la parte recurrida tenía conocimiento que éste tuvo una intervención con la paciente. Esto debido a que, su nombre aparecía en el expediente médico en más de una ocasión, ya que colocó una orden mientras cubría al doctor Flores. Por

---

[2] *Sentencia*, anejo I, págs. 1-2 del apéndice de la oposición al recurso.
[3] *Demanda*, anejo VI, págs. 16-23 del apéndice del recurso.
[4] *Contestación a Demanda,* anejo IV, págs. 11-14 del apéndice de la oposición al recurso.
[5] *Moción de Desestimación por Prescripción*, anejo VII, págs. 24-31 del apéndice del recurso.

lo tanto, manifestó que la causa de acción en su contra estaba prescrita, debido a que, no fue incluido en la *Demanda* hasta pasados 3 años.

Luego de varias incidencias procesales, el 5 de enero de 2024, la parte recurrida presentó *Oposición a Solicitud de Desestimación por Prescripción*.[6] En esencia, arguyeron que el doctor Villamil no fue escogido por la señora Vázquez como su médico, sino que fue el Hospital Hermanos Meléndez quien lo proveyó. Por lo tanto, sostuvieron que había una obligación solidaria perfecta entre el Hospital Hermanos Meléndez y el doctor Villamil. Como consecuencia, el término prescriptivo fue interrumpido con la presentación de la demanda.

Tras evaluar la moción de desestimación instada por el doctor Villamil, y el escrito de oposición presentado por la parte recurrida, el 9 de enero de 2024, el foro primario emitió y notificó una *Resolución*.[7] Mediante esta declaró *No Ha Lugar* a la solicitud de desestimación.

En desacuerdo con el referido dictamen, el 24 de enero de 2024, el peticionario presentó una *Moción de Reconsideración*.[8] Finalmente, tras evaluar dicha solicitud, el foro primario la declaró *No Ha Lugar*, en virtud de una *Resolución*, que fue notificada el 29 de enero de 2024.

Aún inconforme, el 28 de febrero de 2024, el doctor Villamil presentó la *Petición de Certiorari* que nos ocupa, y formuló los siguientes señalamientos de error:

> PRIMER ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN SIN FUNDAMENTAR EN DERECHO SU DETERMINACIÓN.

---

[6] *Oposición a Solicitud de Desestimación por Prescripción*, entrada núm. 165 en el Sistema Unificad de Manejo y Administración de Casos (SUMAC).
[7] *Resolución*, anejo I, págs. 1-2 del apéndice del recurso.
[8] *Moción de Reconsideración*, anejo XI, págs. 53-61 del apéndice del recurso.

SEGUNDO ERROR: ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR NO HA LUGAR LA MOCIÓN SOLICITANDO LA DESESTIMACIÓN DE LA DEMANDA POR ESTAR PRESCRITA LA CAUSA DE ACCIÓN EN CUANTO AL DR. JOSÉ VILLAMIL RODRÍGUEZ.

Así las cosas, el 8 de marzo de 2024, este foro revisor emitió una *Resolución*, mediante la cual se le concedió a la parte recurrida un término de quince (15) días para oponerse y expresarse sobre los méritos del recurso.

En cumplimiento de dicha orden, el 13 de marzo de 2024, la parte recurrida compareció, mediante un escrito que tituló *Oposición a Petición de Certiorari*. Mediante este, sostuvo que el término prescriptivo fue efectivamente interrumpido con la presentación de la primera *Demanda* el 3 de mayo de 2018.

Con el beneficio de la comparecencia de ambas partes, declaramos perfeccionado el recurso de epígrafe y procedemos a su adjudicación.

**II.**

**-A-**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial. *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021); *800 Ponce de León v. AIG*, 205 DPR 163 (2020). La determinación de expedir o denegar este tipo de recursos se encuentra enmarcada dentro de la discreción judicial. *Íd.* De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera." *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). Empero, el ejercicio de la discreción concedida "no implica la

potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho." *Íd.*

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1. *McNeil Healthcare v. Mun. Las Piedras I*, supra; *Scotiabank v. ZAF Corp et al.*, 202 DPR 478 (2019). La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo." *800 Ponce de León v. AIG*, supra. Asimismo, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales,
> (2) en asuntos relacionados a privilegios evidenciarios,
> (3) en casos de anotaciones de rebeldía,
> (4) en casos de relaciones de familia,
> (5) en casos revestidos de interés público o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. *McNeil Healthcare v. Mun. Las Piedras I*, supra.

El examen del *certiorari* no se da en el vacío o en ausencia de otros parámetros. *McNeil Healthcare v. Mun. Las Piedras I,* supra, pág. 404; *800 Ponce de León v. AIG,* supra. Para ello, la Regla 40 de nuestro Reglamento establece ciertos indicadores a tomar en consideración al evaluar si se debe o no expedir un recurso de certiorari. Estos son:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B, R. 40.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 712 (2019).

Un *certiorari* sólo habrá de expedirse si, al menos, uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención. De no ser así, procede que nos abstengamos de expedir el auto solicitado, de manera que se continúen los procedimientos del caso sin mayor dilación en el foro de primera instancia.

**-B-**

La prescripción extintiva constituye una institución propia del derecho civil en materia sustantiva, la cual está intrínsecamente atada al ejercicio del derecho que se pretende vindicar. *Campos v. Cía. Fom. Ind.*, 153 DPR 137, 143 (2001); *Olmo v. Young & Rubicam of P.R., Inc.,* 110 DPR 740, 742 (1981). Es una forma de extinción de un derecho, por la inercia de una parte en ejercer el mismo dentro del término prescrito por ley. *Maldonado Rivera v. Suárez y otros,* 195 DPR 182 (2016); *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365 (2012); *S.L.G. Serrano-Báez v. Foot*

*Loker*, 182 DPR 824, 831 (2011). Esta figura tiene como objetivo impedir la incertidumbre de las relaciones jurídicas y sancionar la inacción del ejercicio de los derechos. *Orraca López v. ELA*, 192 DPR 31, 49 (2014); *COSSEC et al. v. González López et al.*, 19 DPR 793 (2010).

Cónsono con lo anterior, el Artículo 1868 del Código Civil,[9] dispone que las acciones de daños y perjuicios por culpa o negligencia a las que se refiere el Artículo 1802 del Código Civil, tienen un término de prescripción de un (1) año. 31 LPRA ant. sec. 5298. Véase, además: *Col. Mayor Tecn. v. Rodríguez Fernández*, 194 DPR 635, 644 (2016); *Toro Rivera v. ELA,* 194 DPR 393, 415 (2015); *Fraguada Bonilla v. Hosp. Aux. Mutuo,* supra. El punto de partida de dicho término es la fecha en que el agraviado conoció o debió haber conocido que sufrió un daño, quién lo ocasionó, así como los elementos necesarios para poder ejercitar su causa de acción. *Toro Rivera v. ELA*, supra; *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra. En nuestro ordenamiento jurídico esta doctrina se conoce como la teoría cognoscitiva del daño. *COSSEC et al. v. González López et al.*, supra; *García Pérez v. Corp. Serv. Mujer,* 174 DPR 138 (2008); *Vera v. Dr. Bravo,* 161 DPR 308 (2004).

Una vez iniciado el término prescriptivo, corresponde a la parte agraviada expresar su voluntad de conservar su derecho a ser indemnizado. Nuestro ordenamiento reconoce tres maneras de manifestar la voluntad de conservar un derecho y que interrumpen efectivamente la prescripción extintiva, a saber: (1) el ejercicio de un derecho ante un foro judicial; (2) la reclamación extrajudicial de parte del titular de un derecho dirigida al deudor, y (3) el

---

[9] Mediante la Ley 55-2020 se aprobó el nuevo Código Civil. No obstante, los hechos del caso tienen su génesis en momentos previos a la vigencia del nuevo cuerpo procesal, por lo que procede la aplicación de las disposiciones del derogado Código Civil de 1930.

reconocimiento de una deuda por parte del deudor. Artículo 1873 del Código Civil, 31 LPRA ant. sec. 5303. Una vez se interrumpe oportunamente la prescripción, el término prescriptivo comienza a transcurrir nuevamente. *SLG García-Villega v. ELA et al.,* 190 DPR 799, 816 (2014).

En materia de prescripción de la causa de acción bajo el Artículo 1802 del Código Civil, 31 LPRA ant. sec. 5141, en *Fraguada Bonilla v. Hosp. Aux. Mutuo*, supra, se adoptó la figura de la solidaridad impropia o *in solidum*, cuando coincide más de un causante de un daño. Conforme a esta figura, si el perjudicado interesa conservar su causa de acción contra cada uno de los causantes del daño, deberá interrumpir la prescripción en relación con cada uno por separado y dentro del término prescriptivo de un (1) año establecido por el Artículo 1868 del Código Civil, *supra*. Véase, además: *Maldonado Rivera v. Suárez y otros*, supra.

Por otra parte, el Artículo 1803 del Código Civil, 31 LPRA ant. sec. 5142, recoge el principio de responsabilidad vicaria por virtud del cual, entre otros supuestos, un patrono podría ser responsabilizado extracontractualmente por los actos negligentes cometidos por alguno de sus empleados. En lo pertinente, el Artículo 1803 del Código Civil, *supra*, dispone lo siguiente:

> "La obligación que impone [el Artículo 1802 del Código Civil, 31 LPRA ant. sec. 5141] es exigible, no sólo por los actos u omisiones propios, sino por los de aquellas personas de quienes se debe responder.
>
> […]
>
> Lo son igualmente los dueños o directores de un establecimiento o empresa respecto de los perjuicios causados por sus dependientes en el servicio de los ramos en que los tuvieran empleados, o con ocasión de sus funciones.
>
> […]
>
> La responsabilidad de que trata esta sección cesará cuando las personas en ella mencionadas prueben que emplearon toda la

diligencia de un buen padre de familia para prevenir el daño."

El precitado artículo constituye una excepción especial al principio de la responsabilidad personal por los actos propios y solo puede aplicarse a los casos incluidos específicamente en el mismo. *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465 (2022). De igual forma, establece una presunción legal de responsabilidad de las personas citadas en él. En atención a las relaciones de autoridad o superioridad que mantienen con los autores del daño causado, la ley presume que le es imputable la causa de aquel por su propia culpa o negligencia. *Íd.*

La causa de acción establecida por Artículo 1803 del Código Civil, *supra*, consiste fundamentalmente en la culpa *in vigilando, in instruendo* o *in eligiendo* atribuible a las personas designadas estatutariamente como responsables. *Maderas Tratadas v. Sun Alliance et al.,* 185 DPR 880, 907 (2012). Se establece, pues, una presunción de culpa que puede consistir en una falta de vigilancia, *-culpa in vigilando-*, en una falta de instrucción, *-culpa in instruendo-* o en una desacertada elección, *-culpa in eligiendo-*. *Íd.* Es decir, que, de haber sido el patrono diligente en vigilar, instruir o escoger a sus empleados, el daño no hubiese ocurrido. *Cruz Flores et al. v. Hosp. Ryder et al.*, supra.

Para activar esta presunción de culpa del patrono, un demandante debe establecer *prima facie*: (1) una relación de dependencia entre el patrono y el empleado, (2) que el empleado actuó en el desempeño de los ramos de su oficio con el propósito de servir y proteger los intereses del patrono, y que (3) el empleado tuvo culpa en el desempeño de esas funciones. *Pérez et al. v. Lares Medical et al.,* 207 DPR 965, 983 (2021). El patrono puede liberarse de esta responsabilidad si demuestra que empleó toda la

diligencia de un buen padre de familia. *Cruz Flores et al. v. Hosp. Ryder et al.,* supra.

Se reconoce que, al amparo del Artículo 1803 del Código Civil, *supra*, los hospitales pueden ser responsables frente a un perjudicado por la falta de pericia atribuible al personal del hospital en el ámbito de sus funciones. *Cruz Flores et al. v. Hosp. Ryder et al.,* supra; *Márquez Vega v. Martínez Rosado,* 116 DPR 397, 404-405 (1985). Al momento de adjudicar responsabilidad vicaria a los hospitales por los actos de los médicos que laboran en su institución, es importante considerar la relación jurídica existente entre estos. *Íd.; Fonseca et al. v. Hosp. HIMA*, 184 DPR 281, 288 (2012). El hospital responde vicariamente por los actos de aquellos médicos que son sus empleados; por aquellos médicos, que, aunque no forman parte de su fuerza laboral, son parte de la facultad o staff, encontrándose disponibles para consultas de otros médicos; por los médicos pertenecientes a concesionarios de franquicias exclusivas para prestar servicios en el hospital; y por aquellos médicos que sin ser empleados gozan de privilegios en la institución. *Íd.; Márquez Vega v. Martínez Rosado*, supra; *Núñez v. Cintrón*, 115 DPR 598 (1984); *Sagardía de Jesús v. Hosp. Aux. Mutuo*, 177 DPR 484, 515-16 (2009).

Cónsono con lo anterior, se ha resuelto que la solidaridad impropia, no se extiende al régimen de responsabilidad vicaria establecido en el Artículo 1803 del Código Civil, *supra*. Al respecto, nuestro Tribunal Supremo en *Pérez et al. v. Lares Medical et al.*, supra, pág. 989-890, dispuso que "la responsabilidad que surja entre el patrono y el empleado es una solidaria, más en su vertiente propia", por lo que "los actos interruptivos del

término prescriptivo realizados contra el patrono o el empleado perjudican al otro por igual."

**III.**

En primer lugar, es preciso destacar que la *Resolución* recurrida es susceptible de revisión por parte de este foro, en virtud de la Regla 52.1 de Procedimiento Civil, *supra*. Sin embargo, a la luz de los criterios dispuestos en nuestra Regla 40, *supra*, rechazamos revisar el dictamen recurrido e interferir con dicho ejercicio discrecional por parte del foro primario. Veamos.

En el caso de autos, el doctor Villamil, en esencia, alega que erró el foro primario al no desestimar la reclamación instada en su contra, puesto que, estaba prescrita. Ello pues, a su juicio, la parte recurrida tenía el expediente médico desde el 15 de diciembre de 2017, por lo que, tenían conocimiento de su identidad.

En su alegato en oposición, la parte recurrida sostiene que, entre el Hospital Hermanos Meléndez y el doctor Villamil, existe una solidaridad perfecta, por lo que, el término prescriptivo contra el peticionario fue efectivamente interrumpido con la presentación de la primera *Demanda.*

Como indicáramos, y tras analizar de modo conjunto las alegaciones de las partes, y el dictamen recurrido, reiteramos que rechazamos intervenir para variar el criterio del foro primario. Tras analizar la *Resolución* recurrida, consideramos que el foro recurrido actuó adecuadamente y dentro de su margen discrecional.

Así, es norma reiterada que este foro revisor no debe intervenir en las actuaciones discrecionales del Tribunal de Primera Instancia, en ausencia de que dicho foro haya incurrido en abuso de discreción.

## IV.

Por los fundamentos antes expuestos, se **DENIEGA** el *certiorari* de epígrafe.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones