Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| JUAN M. MÉNDEZ SOLÍS Y OTROS<br><br>Demandante-Reconvenido Apelados<br><br>v.<br><br>CARIBBEAN QUALITY CONTRACTORS, CORP.<br><br>Demandado-Reconviniente Apelante<br><br>v.<br><br>RICARDO GARCÍA Y OTROS<br><br>Terceros Demandados Apelados | KLAN202400082 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Civil núm.:<br>K AC2017-0040 (908)<br><br>Sobre:<br>Incumplimiento de Contrato y Cobro de Dinero |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Rivera Torres y el Juez Salgado Schwarz.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de mayo de 2024.

Por la vía sumaria, el Tribunal de Primera Instancia ("TPI") declaró sin lugar una reclamación contra un abogado por supuesta mala práctica profesional. Según se explica a continuación, concluimos que actuó correctamente el TPI, pues del récord no surge controversia fáctica alguna que le impidiese al TPI concluir que no hubo negligencia de parte del abogado ni mucho menos que, de haber mediado alguna negligencia, la misma hubiese causado daño alguno al reclamante.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202200981 y KLCE202201270).

# I.

En enero de 2017, el Lcdo. Juan M. Méndez Solís (el "Abogado"), la Sa. Magda Olivencia Jiménez y la Sociedad Legal de Bienes Gananciales compuesta por ambos (los "Demandantes"), presentaron la acción de referencia, sobre cobro de honorarios profesionales (la "Demanda"), en contra de Caribbean Quality Contractors, Corp. (el "Cliente"). Se alegó que el Cliente le adeudaba al Abogado ciertos honorarios de abogado, ello relacionado con el trabajo realizado en *CQC v. Cove by The Sea y Brighton Homes Caribbean, Inc.* (el "Caso").

El Cliente contestó la Demanda; planteó que el Abogado no había sido diligente al representarlo en el Caso. Por tanto, el Cliente reconvino; aseveró que el Abogado había dejado de incluir en el Caso una reclamación a favor del Cliente ascendente a $31,943.49. Se añadió que el Abogado no había sido diligente en el proceso de ejecutar la sentencia favorable que el Cliente obtuvo en el Caso, lo cual ocasionó que incurriese en gastos innecesarios.

Además, como reconvención no compulsoria, el Cliente alegó que el Abogado, en el trámite de otro caso (*CQC v Scotiabank de Puerto Rico y otros,* caso núm. K DP2012-1338, o el "Otro Caso"), le había causado daños al afectar su derecho a apelar una sentencia adversa. En consecuencia, reclamó $1,186,893.49 a los Demandantes, más intereses, gastos y honorarios de abogado.

En conexión con la reconvención en su contra (la "Reconvención"), los Demandantes presentaron una *Demanda Contra Tercero*; alegaron que, de declararse con lugar la Reconvención, le correspondería al anterior presidente del Cliente responderle por dicha suma al Cliente reconviniente. Así quedaron como parte del pleito el Ing. Ricardo García, la Sa. María Castellanos y la Sociedad Legal de Gananciales compuesta por ambos (el "Matrimonio").

Luego de que se contestara la demanda contra tercero, y se enmendaran las alegaciones de todas las partes, por medio de una *Sentencia Parcial* notificada el 22 de junio de 2022, el TPI, por la vía sumaria, declaró con lugar la Demanda y, así, condenó al Cliente a satisfacer al Abogado la cuantía de $45,000.00. A su vez, el TPI rechazó la solicitud del Cliente de resolver a su favor, por la vía sumaria, la Reconvención.

Continuado el trámite de la Reconvención y la demanda contra tercero, en febrero de 2023, el Abogado presentó una *Solicitud de sentencia sumaria* (la "Moción"), mediante la cual solicitó la desestimación de la Reconvención. El Cliente se opuso a la Moción.

Mediante una Sentencia notificada el 27 de diciembre (la "Sentencia"), el TPI declaró con lugar la Moción y, así, desestimó la Reconvención[2].

En cuanto a la reclamación del Cliente a los efectos de que el Abogado no incluyó en el Caso una "partida monetaria como parte de la reclamación", el TPI concluyó que (i) no hubo prueba de que el Cliente así se lo solicitara al Abogado, (ii) la sentencia obtenida en el Caso fue favorable al Cliente, y (iii) no hubo prueba de que el Cliente sufriese algún daño como consecuencia de la supuesta omisión del Abogado.

En cuanto a la reclamación del Cliente a los efectos de que, en conexión con el Caso, el Abogado fue negligente en el "trámite de ejecución de sentencia y venta judicial" de un inmueble, el TPI determinó que no hubo "retrasos o dilaciones" que perjudicaran al Cliente y que, por el contrario, "se logró recobrar y abonar a la sentencia luego de vender judicialmente la propiedad por la cantidad de $300,000.00". De forma similar, en cuanto a la reclamación del

---

[2] Aunque el TPI no lo consignó de forma explícita, concluimos que, a través de la Sentencia, dicho foro también adjudicó la demanda contra tercero. Adviértase que esta última dependía de que se concluyese que la Reconvención tenía mérito, por lo cual, al esta desestimarse, forzosamente quedó adjudicada y desestimada la demanda contra tercero.

Cliente en torno a la venta judicial de tres apartamentos en Trujillo Alto, como parte del Caso, el TPI concluyó que el Abogado no incurrió en negligencia y que, en todo caso, no hubo prueba de daño alguno al Cliente.

En cuanto a la reclamación de supuesta negligencia en el manejo por el Abogado del Otro Caso, el TPI determinó que el Cliente no demostró que el Abogado incumpliese con su deber de mantenerlo informado. De todas maneras, el TPI concluyó que no hubo prueba alguna de que el Abogado, por su manejo del Otro Caso, le hubiese causado daño al Cliente; es decir, que no hubo prueba de que el Cliente, de no ser por algún acto u omisión del Cliente, habría prevalecido en el Otro Caso.

En torno a la supuesta omisión de apelar la sentencia adversa en el Otro Caso, el TPI determinó que no había controversia sobre el hecho de que el Abogado le notificó al Cliente sobre la misma el mismo día que la recibió y que el Abogado "fue honesto y claro en advertirle a su cliente que su representación legal no se extendería a la fase apelativa".

Inconforme, el 26 de enero, el Cliente presentó la apelación que nos ocupa. El Abogado presentó su alegato en oposición. Resolvemos.

II.

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una controversia donde resulta innecesario celebrar un juicio en su fondo. *Meléndez González v. M. Cuebas, Inc.,* 193 DPR 100, 109 (2015). Este mecanismo procede cuando no existe una controversia real sobre hechos materiales. Un hecho es material cuando puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Ramos Pérez v. Univisión,* 178 DPR 200, 213

(2010). La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, llama a estos hechos *esenciales y pertinentes*.

La Regla 36, *supra*, impone un número de requisitos tanto al proponente de la sentencia sumaria como al que se opone a la misma. La moción de sentencia sumaria debe contener: una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia, la causa de acción sobre la cual se solicita la sentencia sumaria, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia, con indicación de los párrafos o páginas de la prueba documental donde se establecen los mismos, la argumentación del derecho aplicable y el remedio que se solicita. 32 LPRA Ap. V, R. 36.3(a).

De igual forma, el que se opone a la sentencia sumaria tiene que cumplir con las exigencias de la Regla 36. En particular, debe enumerar aquellos hechos materiales de buena fe controvertidos y aquellos sobre los cuales no hay controversia. En ambos casos, por cada hecho, se tiene que indicar los párrafos o páginas de la prueba documental que establecen o impugnan ese hecho. 32 LPRA Ap. V, R. 36.3(b).

La parte que se opone a que se dicte sentencia sumariamente "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente". 32 LPRA Ap. V, R. 36.3(c). Los hechos enumerados en la moción de sentencia sumaria que no sean debidamente controvertidos podrán considerarse admitidos. 32 LPRA Ap. V, R. 36.3(d). De forma similar, "[e]l tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados". *Íd.*

El tribunal podrá dictar sentencia sumariamente cuando, de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y otra evidencia, no surja controversia real sustancial sobre algún hecho material y, además, proceda como cuestión de derecho. 32 LPRA Ap. V, R. 36.3(e).

Por su parte, la Regla 36.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4 y su jurisprudencia interpretativa, disponen que los jueces del foro primario están obligados, cuando deniegan, parcial o totalmente una moción de sentencia sumaria, a hacer una determinación de los hechos que han quedado incontrovertidos y aquellos que aún están en controversia. El carácter mandatorio de la determinación de los hechos materiales sobre los cuales no existe controversia sustancial y sobre cuales sí, tiene el propósito de propiciar una revisión adecuada por los foros apelativos. *Meléndez González et al.*, 193 DPR a la pág. 113, citando a J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, 2da. ed., San Juan, Pubs. JTS, 2011, T. III, págs. 1074-1075.

### III.

Para que un abogado responda por mala práctica profesional, en conexión a su manejo de un litigio, es necesario demostrar que la causa de acción subyacente era válida, pero no prosperó por la negligencia del abogado. En otras palabras, para que el reclamante prevalezca, es necesario probar "un caso dentro del caso", entiéndase, que debió prevalecer en el caso subyacente y, además, que la razón por la cual no prevaleció fue el manejo inadecuado del caso por su abogado. *Colon Prieto v. Geigel*, 115 DPR 232, 239 (1984); *Colegio Mayor de Tecnología v. Rodríguez Fernández*, 194 DPR 635, 648 (2016). Solo así se configuran, en este contexto, los elementos básicos de una causa de acción por daños y perjuicios: negligencia, daño y relación causal.

IV.

El Cliente plantea, primero, que el TPI no debió "permitir una segunda moción de sentencia sumaria cuando ya anteriormente las partes reconvenidas habían solicitado la desestimación de [la Reconvención], se les había denegado su petición y estos no recurrieron ... convirtiéndose la determinación del TPI en la 'ley del caso'".

No tiene razón el Cliente porque, anteriormente lo que el TPI hizo fue resolver por la vía sumaria la reclamación de <u>honorarios</u> del Abogado y denegar la petición <u>del Cliente</u> de que la Reconvención se resolviera a su favor por la vía sumaria. Ello no impedía que el TPI luego considerara y adjudicara la petición <u>del Abogado</u> de resolver a su favor la Reconvención.

Segundo, el Cliente arguye que, supuestamente, tuvo que incurrir en ciertos "gastos en exceso" como parte del trámite de ejecución de sentencia en el Caso, y que el Abogado no fue diligente al gestionar la venta judicial de una finca en Las Piedras. No obstante, el Cliente no apunta a porción alguna del récord que sustente esta teoría, sobre la cual tampoco elabora adecuadamente en su apelación. En cualquier caso, del récord surge que es correcta la conclusión del TPI a los efectos de que no se demostró que el Abogado incurriese en negligencia alguna o que el Cliente hubiese sufrido algún daño al respecto.

Tercero, el Cliente afirma que tuvo que incurrir en gastos innecesarios, pues si el Abogado hubiese sido diligente en el trámite post-sentencia en el Caso, se hubiese percatado oportunamente de que tres propiedades en realidad no podían ser ejecutadas por el Cliente. Sin embargo, del récord surge que no hubo negligencia del Abogado, pues los datos necesarios para concluir que las propiedades no podían ser ejecutadas no surgían de las constancias

registrales pertinentes al momento en que se comenzó el trámite de ejecución.

Cuarto, el Cliente sostiene que el Abogado fue negligente en el manejo del Otro Caso, lo cual desembocó en una sentencia adversa. El problema con esta teoría es que el Cliente ni siquiera intentó demostrar que, en términos de los hechos pertinentes y el derecho aplicable, este debió prevalecer en el Otro Caso. En su recurso, el Cliente no articula teoría alguna al respecto, y del récord tampoco podemos concluir que el Cliente, de haber contado con una representación legal perfecta, hubiese podido prevalecer en el Otro Caso.

Finalmente, el Cliente asevera que no pudo apelar la sentencia adversa en el Otro caso por la "desidia" y "desinterés" del Abogado. Tampoco tiene razón el Cliente. Del récord surge que el Abogado le notificó la sentencia adversa al Cliente el día luego de haberla recibido. Tampoco hay controversia sobre el hecho de que el contrato de servicios entre el Abogado y el Cliente estipulaba que el Abogado no se obligaba a realizar trabajos relacionados con escritos al Tribunal de Apelaciones. De todas maneras, la realidad es que el Cliente, a través de otra representación, sí apeló la sentencia adversa y el Cliente ni siquiera intenta demostrar que, en derecho, debió prevalecer en su apelación.

V.

Por los fundamentos antes expuestos, se confirma la sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones